**In re GRAND JURY PROCEEDINGS United States of America, Appellant.**

**No. 13898.**

United States Court of Appeals Third Circuit.

Argued June 21, 1962.

Decided Nov. 1, 1962.

---

Lionel Kestenbaum, Asst. Chief, Appellate Section, Antitrust Division, Department of Justice, Washington, D. C. (Lee Loevinger, Asst. Atty. Gen., George R. Kucik, Attorney, Department of Justice, Washington, D. C., Donald G. Balthis, Chief, John E. Sarbaugh, Attorney, Department of Justice, Middle Atlantic Office, Antitrust Division, Philadelphia, Pa., on the brief), for appellant.

W. Bradley Ward, Philadelphia, Pa. (Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Edward W. Mullinix, Philadelphia, Pa., on the brief), for Allis-Chalmers Mfg. Co.

Roberts B. Owen, Washington, D. C., Henry T. Reath, Philadelphia, Pa. (Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., Covington & Burling, Alvin Friedman, Washington, D. C., on the brief), for General Electric Co.

Philip H. Strubing, Philadelphia, Pa., Ralph L. McAfee, New York City (Pepper, Hamilton & Scheetz, Philadelphia, Pa., Cravath, Swaine & Moore, Victor M. Earle, III, New York City, of counsel), for Westinghouse Electric Corp.

Austin, Burns, Appell & Smith, New York City, Cyrus Austin, Joseph W. Burns, New York City, for Ingersoll-Rand Co.

Busser, Smith & Harding, Philadelphia, Pa., George A. Smith, Philadelphia,

Pa., James E. Austin, New York City, for DeLaval Steam Turbine Co.

Morgan, Lewis & Bockius, Philadelphia, Pa., Miles W. Kirkpatrick, Philadelphia, Pa., for C. H. Wheeler Mfg. Co.

Before BIGGS, Chief Judge, and HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

During 1960, five separate grand juries, impanelled in the Eastern District of Pennsylvania, returned twenty indictments which charged twenty-nine manufacturers of heavy electrical equipment, and forty-seven corporate officials, with violations of Section 1 of the Sherman Act, 15 U.S.C.A. § 1. Of the series of indictments, United States v. General Electric Company et al.[1] (Cr. No. 20401), charged a conspiracy "[t]o fix and maintain prices, terms and conditions for the sale of turbine-generator units" and "[t]o submit noncompetitive, collusive and rigged bids and price quotations * * *" to utility companies and other purchasers. United States v. Foster Wheeler Corporation et al.[2] (Cr. No. 20402), charged a similar conspiracy in connection with the sale of steam condensers. The defendants were convicted on the respective indictments on pleas of guilty or nolo contendere.

The three corporations convicted in Criminal No. 20401 have been subject to the provisions of a Cease and Desist Order[3] issued by the Federal Trade Commission. This order directs the corporations to "cease and desist" from "[f]ixing and maintaining uniform delivered prices" and from "[s]ubmitting uniform or identical delivered prices, in competitive bidding * * *" in connection with the sale of turbine generators. The six corporations convicted in Criminal No. 20402, except Carrier Corporation, have been subject to the provisions of a Cease and Desist Order[4] which prohibits similar unfair methods of competition in connection with the sale of steam condensers. These orders were issued by the Commission on April 2, 1937, pursuant to the authority vested in it by Section 5(b) of the Act, 15 U.S.C.A. § 45(b), and became final on May 21, 1938.

The convictions of the corporate defendants in the criminal actions prompted an investigation by the Commission of possible violations of the cease and desist orders and the liability of the respective corporations for the penalties prescribed by Section 5(l) of the Act, 15 U.S.C.A. § 45(l).[5] The penalty provisions are enforceable in an appropriate proceeding brought by the United States whenever the "Commission has reason to believe that any * * * corporation is liable" under subdivision (l) and upon certification of the "facts" to the Attorney General.[6]

---

1. General Electric Company, Allis-Chalmers Manufacturing Company, Westinghouse Electric Corporation, and certain individuals. Carrier Corporation, De-Laval Steam Turbine Company and Worthington Corporation, were named as co-conspirators but not as defendants.

2. Foster Wheeler Corporation, Allis-Chalmers Manufacturing Company, Carrier Corporation, Ingersoll-Rand Company, Westinghouse Electric Corporation, C. H. Wheeler Manufacturing Company, Worthington Corporation, and certain individuals.

3. In the matter of General Electric Company, et al., Docket No. 2941, 24 F.T.C. 881. Elliott Company, named as a respondent, has been a division of Carrier Corporation since 1957.

4. In the matter of Westinghouse Electric and Manufacturing Co., et al., Docket No. 2941, 24 F.T.C. 892.

5. 15 U.S.C.A. § 45(l). "Any person, partnership, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States. * * *"

6. 15 U.S.C.A. § 56. "Whenever the Federal Trade Commission has reason to believe that any person, partnership, or corporation is liable to a penalty * * * under subsection (l) of section 45 of this

This matter came before the court below on a verified petition, and an amendment thereto, requesting that the Commission or its designated attorneys be granted leave to inspect and copy the following:

"(1) Documents * * * submitted by corporations named as defendants or co-conspirators, and,

"(2) Transcripts of grand jury testimony * * * of witnesses employed or formerly employed by corporations named as defendants or co-conspirators."

The request was limited to documents and testimony relating to turbine generators and steam condensers. The Commission sought access to this evidence in connection with its investigation. The petition was resisted by the corporations on their own behalf and on behalf of their respective employees. The petition was denied and the present appeal followed.

■ The proceedings before a grand jury are protected against disclosure by the common law policy of secrecy. This policy is continued in rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which is the measure of the Commission's privilege of access to the documents and transcripts requested. The first sentence of this rule permits disclosure, without leave of the district court, "of matters occurring before the grand jury * * * to the attorneys for the government for use in the performance of their duties." The term "attorneys for the government" is limited in its application to "the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, an authorized assistant of the United States Attorney * * *." Fed.Rules Cr.Proc. rule 54(c), 18 U.S.C.A.

It is here contended that " * * * the Commission is entitled to the use of the grand jury material * * * because of

its special relation to" the Attorney General, under whose direction the grand jury proceeding was conducted. The basis of this contention is the dual responsibility of the Attorney General and the Commission for the enforcement of the Clayton Act, a responsibility which the Attorney General shares with other administrative agencies.[7] 15 U.S.C.A. §§ 21 and 25; United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Federal Trade Commission v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). The attorneys for the Commission argue that since the Attorney General may have free access to the grand jury evidence in the performance of his duties the same privilege should be accorded to them.

■ We have heretofore noted that the right of access enjoyed by the Attorney General is derived from the express language of the first sentence of rule 6(e), supra. The term "attorneys for the government" is restrictive in its application and does not include the attorneys for the administrative agencies. See rule 54(c), supra. If it had been intended that the attorneys for the administrative agencies were to have free access to matters occurring before a grand jury, the rule would have so provided. The rule is not ambiguous and we see no reason to extend its application by judicial interpretation.

■ The Commission urges in further support of its petition the pertinent provision of the second sentence of the rule, supra, which authorizes the disclosure of matters occurring before the grand jury when "directed by the court preliminarily to or in connection with a judicial proceeding." It is argued that the requirements of the rule are satisfied in the instant case. We cannot agree. The Commission does not seek the grand jury evidence for use in any judicial proceeding; it seeks a private disclosure in aid

title, it shall certify the facts to the Attorney General, whose duty it shall be to cause appropriate proceedings to be brought for the enforcement of the provisions of such * * * subsection."

**7.** Interstate Commerce Commission, Federal Communications Commission, Civil Aeronautics Board, and Federal Reserve Board. 15 U.S.C.A. § 21.

of an administrative investigation into possible violations of the cease and desist orders.

There is no judicial proceeding now pending and it is possible that none may result from the investigation. The function of the Commission is to ascertain whether there is reason to believe that one or more of the corporations is liable to a penalty and, if it is so ascertained, to certify the facts to the Attorney General. The exclusive authority to enforce the statutory provision is vested in the Attorney General. 15 U.S.C.A., supra, at footnote 6. The investigation undertaken by the Commission is preliminary to and in connection with the ex parte administrative proceeding contemplated by the statute; it is not preliminary to or in connection with a judicial proceeding within the intendment of the rule.

■ The Commission argues that its "petition * * * comes within the *settled rule* authorizing disclosure of grand jury evidence for the use of *government law-enforcement agencies* other than those involved in the grand jury proceeding." (Emphasis by the Court.) It is further argued that under this rule the petition should have been granted upon a showing that "the grand jury evidence [would] be material and useful to a lawful function of the * * * agency." The cases cited [8] in support of the argument establish no such "settled rule." The decision of the court in each of those cases, consistent with established principles, rested on a determination that under the facts presented the interests of justice outweighed the countervailing policy of secrecy. The disclosure of evidence "material and useful to a lawful function" may facilitate investigation and serve the convenience of the agency, but in our opinion more is required to outweigh the traditional policy of secrecy.

■■ The courts have uniformly held that a petition or motion for leave to inspect grand jury evidence is addressed to the sound discretion of the trial judge, to be dealt with by him in light of the facts and circumstances of the particular case. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), and the cases therein cited; Franano v. United States, 277 F.2d 511, 513 (8th Cir. 1960); Herzog v. United States, 226 F.2d 561, 566 (9th Cir. 1955). This discretion should be exercised favorably to disclosure only when it is persuasively shown that the ends of justice require it. The action of the trial judge on such a petition or motion may not be disturbed absent a clear abuse of discretion.

■ The Commission has plenary authority to investigate possible violations of its cease and desist orders and, under Section 9 of the Act, the "power to require by subpoena the attendance and testimony of witnesses and the production of all * * * documentary evidence relating to any matter under investigation." 15 U.S.C.A. § 49. See United States v. Morton Salt Company, 338 U.S. 632, 643, 70 S.Ct. 357, 94 L.Ed. 401 (1960). The witnesses who appeared before the grand jury, and the documents there produced, are readily available to the Commission and subject to administrative subpoena. It seems reasonably clear that under these circumstances it was not an abuse of discretion to hold the secrecy of the grand jury inviolate.

The decision of the court below will be affirmed.

---

8. Doe v. Rosenberry, 255 F.2d 118 (2d Cir. 1958); In re Petition for Disclosure of Evidence, 184 F.Supp. 38 (E.D.Va. 1960); In re Bullock, 103 F.Supp. 639 (D.C.1952); In re Grand Jury Proceedings, 4 F.Supp. 283 (E.D.Pa.1933). If our interpretation of these cases agreed with that of the Commission we would be constrained to disregard them.