**UNITED STATES of America,**
**Plaintiff,**

v.

**ST. REGIS PAPER COMPANY,**
**Defendant.**

United States District Court
S. D. New York.

Feb. 19, 1965.

LeBoeuf, Lamb & Leiby, New York City, for St. Regis Paper Co., by Horace R. Lamb, New York City, of counsel.

CROAKE, District Judge.

The defendant in the above entitled action moves to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter of this action for civil penalties brought by the United States pursuant to 15 U.S.C. § 45(*l*) and 28 U.S.C. § 507(b).

The United States in its complaint alleges that the defendant is liable for civil penalties because it violated a Federal Trade Commission (hereinafter Commission) cease and desist order. This order was issued February 12, 1959 and was consented to by the defendant. See In the Matter of St. Regis Paper Company, et al., Federal Trade Commission Docket No. 6476.

The defendant asserts that in order to prove the claims of the plaintiff the Attorney General must rely upon evidence obtained in a grand jury investigation. That investigation was of possible criminal violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, allegedly committed by the above named defendant and other manufacturers of multiwall paper shipping sacks.

The defendant further contends that because the Attorney General of the United States in bringing this action has relied upon information obtained by his own department and not upon facts certified to him by the Commission pursuant to 15 U.S.C. § 56, the court has no jurisdiction over the subject matter. The Commission by letter dated July 30, 1963 requested the Attorney General to " * * initiate appropriate proceedings [against defendant] under Section 16 of the Federal Trade Commission Act (15 U.S.C. 56) looking to recovery of civil penalties should [the] examination of the results of the above-mentioned investigation indicate a violation of the Commission's order * * * ."[1] It was unlikely that the

William H. Orrick, Jr., Asst. Atty. Gen., for United States, by James F. Buckley, Dept. of Justice, Washington, D. C., of counsel.

---

1. The reference to 15 U.S.C. § 56 in the said letter of July 30, 1963 is obscure.

15 U.S.C. § 56 provides as follows: "Whenever the Federal Trade Commis-

Commission or its staff could obtain access to matters occurring before the aforesaid grand jury and apparently the Attorney General was asked to proceed on his own so as to avoid if possible a duplicate investigation. See In Re Grand Jury Proceedings, 309 F.2d 440 (3d Cir. 1962).

The sole question presented on this motion is whether or not before the Attorney General may institute a proceeding for the collection of civil penalties pursuant to 15 U.S.C. § 45(*l*) it is mandatory that the Commission certify to him in accordance with 15 U.S.C. § 56 the facts upon which such a proceeding is to be brought. The court does not regard the above mentioned letter of July 30, 1964 as constituting such a certification within the meaning of 15 U.S.C. § 56.

This is a question of first impression. A literal reading of 15 U.S.C. § 45(*l*) does not indicate that before an action may be brought by the United States for the recovery of civil penalties the plaintiff must first comply with 15 U.S.C. § 56.[2] Nor is it indicated by any of the numerous authorities cited to the court that the provisions of 15 U.S.C. § 56 are so essential a part of the statutory scheme that the legislative intent of Congress would be frustrated if the Commission did not comply with that section. See Vaughn v. John C. Winston Co., 83 F.2d 370, 372 (10th Cir. 1936).

■■ Since the enactment of the Wheeler-Lea Act of 1938, cease and desist orders issued by the Commission on consent of the respondent which prohibit practices in violation of 15 U.S.C. § 45(a) are final and enforcible 60 days after issuance by the Commission. The purpose of the Wheeler-Lea Act was to "put some teeth" into cease and desist orders of the Commission by eliminating cumbersome proceedings before a United States Court of Appeals which in effect permitted the respondent to commit three violations of the law prior to being subjected to civil penalties. See Federal Trade Commission v. Herzog, 150 F.2d 450, 452 (2d Cir. 1945). It would appear to be contrary to the intent of the Congress to further encumber the enforcement of a cease and desist order of the Commission by requiring an additional investigation by the Commission, which would merely duplicate the efforts of the Attorney General and his staff. Such a requirement, furthermore, would subject the defendant to additional investigative procedures which aside from being time consuming might constitute undue harassment of business.

■■ The court construes the provisions of 15 U.S.C. § 56 as defining a function and obligation of the Commission which is not to be considered jurisdictional but rather a method to be used by the Commission in the normal course of discharging its duty. By permitting the Attorney General to proceed without the benefit of a Commission certification in the present case, the defendant will not be deprived of due process. Defendant has at its disposal all of the procedural safeguards made available by the Federal Rules of Civil Procedure.

The motion of the defendant is accordingly denied in all respects.

So ordered.

sion has reason to believe that any person, partnership, or corporation is liable to a penalty under section 54 of this title or under subsection (*l*) of section 45 of this title, it shall certify the facts to the Attorney General, whose duty it shall be to cause appropriate proceedings to be brought for the enforcement of the provisions of such section or subsection."

2. 15 U.S.C. § 45(*l*) provides as follows: "Any person, partnership, or corporation who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States. Each separate violation of such an order shall be a separate offense, except that in the case of a violation through continuing failure or neglect to obey a final order of the Commission each day of continuance of such failure or neglect shall be deemed a separate offense."