## In re GRAND JURY, SEPTEMBER 20, 21, 22 AND 25, 1967.

### Misc. No. 79-32-E.

United States District Court,
N. D. West Virginia,
Elkins Division.

March 22, 1979.

Stephen G. Jory, U. S. Atty., and Joseph W. Anderson, Asst. U. S. Atty., Elkins, W. Va., for petitioner.

MAXWELL, Chief Judge.

Relying upon a literal reading of the language of Rule 6(e)(2)(A)(i), Federal Rules of Criminal Procedure, the United States of America has filed with the Court a "Motion for Disclosure of Grand Jury Material," whereby permission is sought ". . . to disclose . . . [to an attorney working in the Civil Division of the United States Department of Justice] excerpts of the transcript of proceedings before the Grand Jury sitting in the Northern District of West Virginia on September 20, 21, 22 and 25, 1967."

The motion of the United States advises that in a current civil action in this Court, *United States v. Woodrow Yokum,* Civil No. 76–241–E(H), ". . . the government seeks an order of the Court to allow them to enter upon defendant's property for the purpose of removing personal property impounded by the United States during the criminal investigation which preceded the criminal case of *United States versus Woodrow Yokum,* Criminal No. 67–91–E."

It is further noted in the motion of the United States that one issue which may be considered in that civil action is "which party has the burden of proof on showing the ownership of the questioned property?" and that "[i]t is believed that the excerpts requested may provide information which will aid the government to establish its ownership of the subject property should that burden be placed upon it." Very candidly, the United States, in the prayer of its motion, notes that the disclosure order is for the purpose of permitting the attorney from the Civil Division of the Department of Justice "to examine these materials for whatever use they may be in the above-indicated civil action."

Reference to the Court's criminal files indicates that the criminal case, referred to above, that followed the Grand Jury inquiry was concluded by jury trial which resulted in the conviction of the defendant. The criminal proceedings in question have been concluded for approximately a decade.

The rule, cited as controlling the questions presented by the motion of the United States, is, in pertinent part, as follows:

Rule 6. The Grand Jury

(e) Secrecy of Proceedings and Disclosure.—

> (2) Exceptions.—
>
> (A) Disclosure . . . may be made to—
>
> (i) An attorney for the government for use in the performance of such attorney's duty:

(As amended April 26, 1976, eff. Aug. 1, 1976; July 30, 1977, Pub.L. 95–78, § 2(a), 91 Stat. 319.)

Reported decisions of two other courts have interpreted the foregoing to mean that disclosure is proper under Rule (6)(e)(2)(A)(i) without resort to the courts where such disclosure is made to any "attorney for the government," as defined in Rule 54(c), Federal Rules of Criminal Procedure. This latter rule includes "[T]he Attorney General, an authorized assistant of the Attorney General, a United States Attorney, [or] an authorized assistant of a United States Attorney . . . ." See e.g., *In re Grand Jury,* 583 F.2d 128 (5th Cir. 1978), and *In re December 1974 Term Grand Jury Investigation,* 449 F.Supp. 743 (D.Md.1978).

In assessing the Congressional intent to preserve the secrecy of Grand Jury proceedings and the allowable limited disclosure of those proceedings, reference must be made to the legislative history of the amendment to Rule 6 reported in 1977 *U.S.Code Cong. and Admin.News*, page 527, where at page 530 it is reported:

Paragraph (1) as proposed by the Committee states the general rule that a grand jury, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or government personnel to whom disclosure is made under paragraph (2)(a)(ii) shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules. It also expressly provides that a knowing violation of Rule 6 may be punished as a contempt of court. In addition, it carries forward the current provision that no obligation of secrecy may be imposed on any person except in accordance with this Rule.

Having stated the general rule of non-disclosure, paragraph (2) sets forth exemptions from nondisclosure. Subparagraph (A) of paragraph (2) provides that disclosure otherwise prohibited, other than the grand jury deliberations and the vote of any grand juror, may be made to an attorney for the government for use in the performance of his duty and to such personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law. In order to facilitate resolution of subsequent claims of improper disclosure, subparagraph (B) further provides that the names of government personnel designated to assist the attorney for the government shall be promptly provided to the district court and such personnel shall not utilize grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce Federal Criminal law. Although not expressly required by the rule, the Committee contemplates that the names of such personnel will generally be furnished to the court before disclosure is made to them. Subparagraph (C) permits disclosure as directed by a court preliminarily to or in connection with a judicial proceeding or, at the request of the defendant, upon a showing that grounds may exist for dismissing the indictment because of matters occurring before the grand jury. Paragraph (3) carries forward the last sentence of current Rule 6(e) with the technical changes recommended by the Supreme Court.

Additionally, the legislative history, namely, Senate Report No. 95–354, in a section-by-section analysis, states at page 531:

The Rule as redrafted is designed to accommodate the belief on the one hand that Federal prosecutors should be able, without the time-consuming requirement of prior judicial interposition, to make such disclosures of grand jury information to other government personnel as they deem necessary to facilitate the performance of their duties relating to criminal law enforcement. On the other hand, the Rule seeks to allay the concerns of those who fear that such prosecutorial power will lead to misuse of the grand jury to enforce non-criminal Federal laws by (1) providing a clear prohibition, subject to the penalty of contempt and (2) requiring that a court order under paragraph (C) be obtained to authorize such a disclosure. *There is, however, no intent to preclude the use of grand jury-developed evidence for civil law enforcement purposes. On the contrary, there is no reason why such use is improper, assuming that the grand jury was utilized for the legitimate purpose of a criminal investigation. Accordingly, the Committee believes and intends that the basis for a court's refusal to issue an order under paragraph (C) to enable the government to disclose grand jury information in a non-criminal proceeding should be no more restrictive than is the case today under prevailing court decisions.* It is contemplated that the judicial hearing in

connection with an application for a court order by the government under subparagraph (3)(C)(i) should be *ex parte* so as to preserve, to the maximum extent possible, grand jury secrecy.

From the foregoing it can be seen that strict secrecy of the Grand Jury proceedings is desired. Disclosure is limited, under the provisions of Rule 6, here sought to be applied, to attorneys whose duties have some relationship to the enforcement of Federal Criminal law.

■ Careful analysis of the foregoing Legislative History, in light of the facts and reasons in support of the pending motion of the United States for disclosure requires the conclusion that the disclosure contemplated by Rule 6(e)(2)(A)(i) is limited to that required to allow "an attorney for the government" to perform his duties in the enforcement of the Federal Criminal laws. The conclusion of resultant criminal proceedings, such as is the fact here, apparently has no effect upon the veil of secrecy that Congress intended to impose upon Grand Jury proceedings.

"The Grand Jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be listed tomorrow. This 'indispensable secrecy of Grand Jury proceedings,' *United States v. Johnson, supra* [319 U.S. 503, 513, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943)], must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." Delay, substantial costs, and complexity of a civil action, both in prosecution and defense, are showings that ". . . fall short of proof that without the [Grand Jury] transcript a defense [or prosecution] would be greatly prejudiced or that without reference to it [the Grand Jury transcript] an injustice would be done . . . Only strong public policies weigh against disclosure." *United States v. Proctor & Gamble,* 356 U.S. 677, at 682, 78 S.Ct. 983, at 986, 987, 2 L.Ed.2d 1077 (1958).

■ Under the facts and circumstances presented in the present motion for disclosure, this Court is of the opinion that it does not have authority under Rule 6(e)(2)(A)(i) to disclose Grand Jury proceedings for civil purposes, whether the civil litigation is contemporaneous with or subsequent to the criminal proceedings.

■ Authority for the disclosure of Grand Jury proceedings for civil litigation purposes, and otherwise, is apparently limited to Rule 6(e)(2)(C)(i) which provides:

(C) Disclosure otherwise prohibited by this rule of matters occurring before [a] grand jury may also be made—
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

■ Standards for the refusal by a court to disclose Grand Jury information should be the same as that under the prior provisions of Rule 6, namely, disclosure being a matter of discretion with the Court upon a showing of a particularized need for the production of the transcript. Merely showing that the testimony contained in the transcript is relevant and useful in a civil action does not appear sufficient to counter the public policy of secrecy of Grand Jury proceedings. The Legislative History, citing *United States v. Proctor & Gamble, supra,* and *Robert Hawthorne Inc., v. Director of Internal Revenue Service,* 406 F.Supp. 1098 (E.D.Pa.1976), reflects the standards necessary for the lifting of the secrecy of Grand Jury proceedings and in those cases of particularized need, the secrecy of the Grand Jury proceedings is lifted by disclosure in a discreet and limited manner.

For the reasons expressed herein, an order will be entered denying the Motion of the United States for Disclosure of Grand Jury proceedings in this district on September 20, 21, 22 and 25, 1967.