**In re Application of the UNITED STATES FOR an ORDER PURSUANT TO the PROVISIONS OF RULE 6(E), FEDERAL RULES OF CRIMINAL PROCEDURE.**

**Misc. No. 8020.**

United States District Court,
W. D. Pennsylvania.

Oct. 2, 1980.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM ORDER

DIAMOND, District Judge.

The United States Attorney has petitioned the court for authorization to release to agents of the Internal Revenue Service for their evaluation of a certain taxpayer's civil tax liability certain documents previously produced before a grand jury relative to its investigation (now completed) of that person on criminal mail fraud charges.

Rule 6 Fed.R.Crim.P. governs disclosure of matters occurring before a grand jury. Subsection (e)(3)(A)(i) of that rule provides three exceptions to the general rule that grand jury matters not be disclosed. Under the first exception, disclosure of matters occurring before a grand jury may be made to "an attorney for the government for use in the performance of such attorney's duty." The term "attorney for the government" is defined by Rule 54(c) Fed.R.Crim.P., which, in effect, limits the term to include only attorneys within or under the United States Department of Justice. Agents and attorneys for the Internal Revenue Service are clearly not included. *In Re Grand Jury Proceedings*, 309 F.2d 440 (3rd Cir. 1962); *In Re Grand Jury, September 20, 21, 22 and 25*, 82 F.R.D. 70 (N.D.W. D.1979).

The second exception permits disclosure to government personnel to aid in the enforcement of the *federal criminal laws*. Fed.R.Crim.P. 6(e)(3)(A)(ii). Since the present petition seeks disclosure for the specific purpose of aiding in the evaluation of a *civil tax assessment*, the second exception is likewise inapplicable here.

The final exception which we need to consider authorizes disclosure of grand jury matters "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). The phrase "Preliminary to a judicial proceeding" has been broadly interpreted. *See Doe v. Rosenberry*, 255 F.2d 118 (2d Cir. 1958), and since the Internal Revenue Service has the authority to bring suit to enforce a civil assessment of tax liability the proposed tax audit in the case *sub judice* could qualify. *Cf. In re Grand Jury, supra*, 309 F.2d at 444.

While, it is conceivable that petitioner could satisfy the literal requirements of Rule 6(e)(3)(C)(i), (although there is no allegation in the petition that even suggests that a "judicial proceeding" is imminent, or even contemplated) Congress incorporated into that Rule prior case law which requires the petitioner to demonstrate a *particularized need* for the information that outweighs the general policy of grand jury secrecy. S.Rep.No. 95–354, 95th Cong. 1st Sess. 5–8, (1977) reprinted in [1977] U.S. Code Cong. & Ad.News pp. 527, 532; *See also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). In this regard, a petitioner "seeking grand jury transcripts under Rule 6(e) must show that the material [sought] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156, 159, 167

(1979). Consistent with this standard, a petitioner was held to be entitled to disclosure where petitioner demonstrated that state investigations of official improprieties would be stymied without the release of the names of grand jury witnesses. *Matter of Disclosure of Testimony Before the Grand Jury*, 580 F.2d 281 (8th Cir. 1978). On the other hand, an assertion that the testimony contained in the [grand jury] transcript was *relevant* and *useful* in a civil action was not sufficient to counter the public policy of secrecy of Grand Jury proceedings. *In Re Grand Jury September, supra*, 82 F.R.D. at 73 (Emphasis Supplied).

The petitioner alleges that the Internal Revenue Service plans to conduct a civil tax audit and wishes to obtain the testimony of bank officials and the bank documents previously presented to the grand jury. We note that Congress has vested the Internal Revenue Service with persuasive powers to assess civil tax liabilities. *See* 26 U.S.C. §§ 7601, 7602, 7604, 7609, 7623 (1976). *See also United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *See generally*, J. Mertens, The Law of Federal Income Taxation Code Commentary § 1201–End, §§ 7602:1, 7609:1 (1980). The court also notes, however, that taxpayers have been given the right to challenge the validity of Internal Revenue summons to third party record-keepers, and to contest the propriety of an Internal Revenue Service summons, investigation, or request for examination of records. 26 U.S.C. §§ 7609, 7603, 7604, 7605. Obviously, if the courts lightly were to grant requests for grand jury disclosure, not only would the integrity of grand jury secrecy be compromised, but also these rights under the Internal Revenue Code would be threatened.

In the instant case, the petitioner avers facts that support at most an inference by the court that the grand jury records contain evidence *relevant* to an Internal Revenue Service *audit.* The district court's "discretion should be exercised favorably to disclosure only when it is persuasively shown that the ends of justice require it", *In Re Grand Jury Proceedings, supra*, 309 F.2d at 444. In our judgment, relevancy of the material sought is merely a *minimal first step* toward a showing that the ends of justice require disclosure or that a particularized need exists that outweighs the policy of grand jury secrecy, and, without more is insufficient to justify an order under Rule 6(e)(3)(C)(i) authorizing disclosure.

Accordingly, an order will be entered denying the petition without prejudice to the petitioner to renew it should the underlying facts as known to petitioner support allegations which would be sufficient, if true, to warrant disclosure consistent with this memorandum order, and it is so ordered.