**UNITED STATES of America**

v.

**METROPOLITAN EDISON COMPANY.**

**Crim. No. 83–00188.**

United States District Court,
M.D. Pennsylvania.

April 10, 1984.

David Dart Queen, U.S. Atty., James J. West, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

Paul H. Rhoads, Rhoads & Sinon, Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Although the criminal action involving the United States and Metropolitan Edison Company was concluded when, on March 1, 1984, this court entered an order accepting a plea of guilty from the defendant on Count 2 of the indictment and pleas of *nolo contendre* to Counts 4, 5, 7, 8, 9 and 10, the matter has not been totally resolved. This is so because, even before the guilty and *nolo* pleas were made, the defendant, Metropolitan Edison Company, filed a motion for disclosure of the record of the March, 1983 grand jury that had returned the indictment under which the company was charged. The motion requested the United States Attorney to disclose to the defendant *and* to the Nuclear Regulatory Commission the full record of the March, 1983 grand jury for use by both parties in the pending administrative proceedings concerning the restart of Three Mile Island Unit One. This motion was filed on February 28, 1984 and was accompanied by a supporting memorandum of law.

This motion for disclosure created a flurry of activity. It was followed on March 2, 1984 by a Motion of Amici Three Mile Island Personal Injury Plaintiffs to Impound All Grand Jury Documents, Subpoenae and Transcripts. This, too, was supported by a contemporaneously filed memorandum.

Next, on March 14, 1984, the court received what it considers to be best characterized as the Amicus Response of Numerous Unnamed Grand Jury Witnesses who opposed the original motion for disclosure filed by Metropolitan Edison. On March 26, 1984, the Government filed its brief in response to Metropolitan Edison's motion for disclosure. This governmental response opposes any disclosure to Metropolitan Edison. The Government's response noted, however, that the Nuclear Regula-

tory Commission had indicated to the Department of Justice that it desired to have released to it all pertinent grand jury materials, including the record of the March, 1983 grand jury and the May, 1980 grand jury (Government's memorandum at page I). While the Government (through the United States Attorney for the Middle District of Pennsylvania) opposes the release of grand jury materials to defendant Metropolitan Edison Company, it has gone on record supporting release of the same material to the Nuclear Regulatory Commission.

The final documents in this somewhat confusing and sometimes gratuitous barrage of filings arrived on April 4, 1984. The same unnamed grand jury witnesses who, on March 14, 1984, had filed an opposition to disclosure of the grand jury materials to Metropolitan Edison moved to intervene *nunc pro tunc* in order to oppose both Metropolitan Edison's motion and the Government's acquiescence/request for disclosure of the materials to the Nuclear Regulatory Commission. This motion was accompanied by a memorandum of law. Lastly, on April 4, 1984, this court received from the unnamed grand jury witnesses a document captioned: Response in Opposition To The Nuclear Regulatory Commission's Request For Disclosure Of The Grand Jury Record.[1]

The documents described above have attempted to take this court on a largely unnecessary and somewhat labyrinthine journey to nowhere. When the legal fluff is blown away, this court has before it nothing more than a motion by defendant Metropolitan Edison for disclosure of the grand jury material to *it*. Although the defendant's motion is written conjunctively so that it requests disclosure to itself *and* the Nuclear Regulatory Commission, this court finds it foolish and presumptuous to consider turning over anything as sacred

---

1. This final document, of course, was the product of two presumptions: (1) it wrongly presumed that the Nuclear Regulatory Commission had made a legally cognizable disclosure request—this issue will be discussed more fully *infra;* and (2) it presumed a *nunc pro tunc* acceptance of the unnamed grand jury witnesses' motion to intervene. However, for the reasons to be discussed *infra* neither this document nor its presumptions need to be considered by the court at this juncture.

and sensitive as grand jury material to someone who has neither appeared before it nor formally and properly made such a request. The Nuclear Regulatory Commission has brought no request for disclosure to this court. The Government's opposition to Metropolitan Edison's request for disclosure includes a large segment devoted to making the Nuclear Regulatory Commission's argument for disclosure. The keynotes of this gratuitous representation are: (1) that a compelling public interest has been or can be demonstrated (Government's brief at p. 5); and (2) that there exists an extraordinary and compelling need for disclosure of the grand jury materials in the interest of justice (Government's brief at p. 9).

This court is of the opinion that motions by proxy and gratuitous legal justifications are not acceptable in a matter of such undenied significance as that at issue here. Should the Nuclear Regulatory Commission have any interest in having the grand jury material disclosed to it, it is fully cognizant of its rights and duties in this regard and this court feels certain that if and when it has a sincere interest in pursuing this issue it will act accordingly.

In light of the fact that the Nuclear Regulatory Commission has not come before this court seeking disclosure of the grand jury materials and in light of the fact that such secret materials are reluctantly disclosed to even bonafide movants, much less to proxies, messengers and interested third parties, this court will summarily reject any second hand requests contained in the documents set forth at the beginning of this opinion. Accordingly, then, this court will also ignore any memorandum opposing disclosure to a governmental entity which has not yet sought it.

However, before the court can turn to the only motion properly before it, it must dispose of another related but generally extraneous matter, i.e., the motion to impound filed by the Three Mile Island personal injury plaintiffs. This motion will be dealt with in a separate order to be issued concurrently with the instant opinion.

This leaves us with the following documents for consideration:

(1) Defendant Metropolitan Edison's motion;

(2) Defendant Metropolitan Edison's brief in support thereof;

(3) The Government's response to defendant's motion but only insofar as it deals with grand jury secrecy generally and with disclosure to Metropolitan Edison;

(4) A document filed by the unnamed grand jury witnesses on March 14, 1984 which this court considers an amicus brief opposing disclosure to Metropolitan Edison.

Finally, we address the defendant's motion for disclosure. In two quite recent decisions, the Supreme Court reaffirmed the general rule against disclosure of grand jury materials. *United States v. Baggot,* —— U.S. ——, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983); *United States v. Sells Engineering, Inc.,* —— U.S. ——, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). Those cases emphasized that grand jury testimony may not be released under Rule 6(e)(3)(C)(i) unless the moving party shows a "particularized need for access to grand jury materials" for "uses related fairly directly to some identifiable litigation, pending or anticipated." *Baggot,* 103 S.Ct. at 3167.

As the government has pointed out in its brief,

The NRC administrative proceeding to determine restart of TMI Unit I is not "a judicial proceeding," nor is it "preliminarily to" such a proceeding.

The Supreme Court did not address in *Baggot* the "knotty question of what, if any, sorts of proceedings other than garden-variety civil actions or criminal prosecutions might qualify as judicial proceedings," 103 S.Ct. at 3166 n. 2. However, it seems clear from the facts in *Baggot,* involving an IRS civil audit, and prior case law dealing with other federal agency proceedings[3], that the NRC's administrative proceeding concerning restart of TMI Unit I is not a "judicial proceeding." Nor is it "preliminary to"

a judicial proceeding, as that term was applied by the Supreme Court in *Baggot*. The Court declared:

> Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the *actual use* to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under [Rule 6(e)(3)(C)(i) ] is not permitted.

103 S.Ct. at 3167.

Accordingly, the fact that litigation in the courts is likely to emerge from the NRC's restart decision is insufficient to trigger application of the Rule 6(e) exception. Furthermore, as with the IRS civil audit involved in *Baggot*, the restart decision is "largely self-executing, in the sense that it has independent legal force of its own, without requiring prior validation or enforcement by a court." *Id.* *See* 42 U.S.C. § 2239.

---

[3] *United States v. Bates,* 627 F.2d 349 (D.C. Cir.1980) (Federal Maritime Commission adjudicatory hearing held to be administrative, not judicial, not "preliminary to" a judicial proceeding); *In re J. Ray McDermott & Co.,* 622 F.2d 166 (5th Cir.1980) (same regarding Federal Energy Regulatory Commission proceeding); *In re Grand Jury Proceedings,* 309 F.2d 440 (3d Cir. 1962) (same regarding Federal Trade Commission investigation)....
Government's brief, pp. 3–5.

In its own motion, Metropolitan Edison states that it is seeking disclosure for use "in the pending NRC administrative proceeding with respect to the restart of Three Mile Island Unit One" (Motion, pp. 1–2). Thus, on its face, Metropolitan Edison's motion fails to satisfy the "judicial proceeding" requirement of Rule 6(e)(3)(C)(i). Metropolitan Edison has failed to demonstrate that the pending restart proceeding is anything other than a traditional administrative proceeding.

Metropolitan Edison has also failed to demonstrate a "particularized need." *Sells,* 103 S.Ct. at 3148; *Illinois v. Abbott & Associates, Inc.,* —— U.S. ——, 103 S.Ct.

1356, 1361, 75 L.Ed.2d 281 (1983). Neither has it made any showing of prejudice due to unavailability of witnesses. Grand jury secrecy is not to be abandoned so lightly. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1978).

The government also argues, and logically so, that disclosure of the grand jury material to defendant, Metropolitan Edison, would serve no proper or useful function. On the contrary, such a disclosure would likely discourage future grand jury witnesses who have information concerning criminal misconduct at nuclear facilities from testifying without reserve and fear of ridicule or reprisal. *United States v. Rose,* 215 F.2d 617, 628 (3d Cir.1954).

While it may be argued that there is a strong public policy basis for permitting disclosure for the as yet silent Nuclear Regulatory Commission, such a public policy argument cannot be made for disclosure to defendant Metropolitan Edison, a private, for-profit corporation.

In sum, defendant Metropolitan Edison has not convinced this court that it and its present circumstances are such as to fall within the few and carefully tailored exceptions to the general rule of non-disclosure of grand jury materials. Both Congress and the Supreme Court have consistently stood ready to defend the long standing tradition of grand jury secrecy against unwarranted attack. In the absence of a clear indication in a statute or rule, Congress and the Court have remained reluctant to authorize any breach of this secrecy. *Sells,* 103 S.Ct. at 3138. The movant has not convinced this court that any exception should be made here. Therefore, the motion for disclosure to Metropolitan Edison Company will be denied.