UNITED STATES of America

v.

METROPOLITAN EDISON COMPANY.

Crim. No. 83–00188.

United States District Court,
M.D. Pennsylvania.

June 25, 1984.

James J. West, First Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

R. Stephen Shibla, Rhoads & Sinos, Harrisburg, Pa., for Metropolitan Edison Co.

Smith B. Gephart, Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for Grand Jury Witnesses.

### MEMORANDUM

RAMBO, District Judge.

On April 10, 1984, this court denied defendant Metropolitan Edison Company's Motion for Disclosure of the record of the March, 1983 grand jury. 585 F.Supp. 231. In so deciding, the court relied on two recent Supreme Court decisions, *United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983) and *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) as well as the long honored tradition that grand jury secrecy is not to be lightly abandoned. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). The court also enumerated the reasons behind the secrecy policy and discussed the few and carefully tailored exceptions to the policy of non-disclosure. [*See* court's memorandum, pp. 4–7].

In that same memorandum, the court noted that the United States Attorney made what could properly be characterized as a gratuitous proxy motion for disclosure of these documents to the Nuclear Regulatory Commission. At that time we noted that the Nuclear Regulatory Commission was fully cognizant of its rights and duties concerning this matter. We further predicted that if and when the Nuclear Regulatory Commission had a sincere interest in obtaining these documents it would make a proper request. Some five and one-half weeks later, the Nuclear Regulatory Commission decided to move for disclosure.[1] On May 18, 1984, the Nuclear Regulatory Commission moved for disclosure to them of those portions of the records of the March, 1983 and May, 1980 grand juries which relate to the so-called Hartman allegations. The Nuclear Regulatory Commission asserted that these records are required by it for use in connection with its public health and safety related responsibilities. This motion was opposed by the numerous unnamed individuals who appeared as witnesses before the pertinent grand juries [hereinafter grand jury witnesses]. These grand jury witnesses filed a motion to intervene in this matter. Said motion was not objected to by the United States and was, therefore, granted.

In its motion, the Nuclear Regulatory Commission concedes that, based on current judicial interpretation of the exceptions to secrecy set forth in Rule 6(e), Federal Rules of Criminal Procedure, disclosure of the requested materials would not be authorized (movant's brief at page 2). The Nuclear Regulatory Commission relies for support almost entirely on the language of the Seventh Circuit in *In Re Special February, 1975 Grand Jury*, 662 F.2d 1232 (7th Cir.1981) *aff'd* on other grounds *sub nom. U.S. v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983). That language is as follows:

> The court *in rare situations* may have some discretion to slip entirely around Rule 6(e) and permit disclosure, but that discretion in any event is strictly limited. (emphasis added)

662 F.2d at 1235–36.

That court went on to state:

> We may not always be bound by a strict and literal interpretation of Rule 6(e) *in the situation where there is some extraordinary and compelling need* for disclosure in the interest of justice, and *little traditional need for secrecy remains....* (emphasis added)

*Id.* at 1236.

The grand jury witnesses argue to the contrary. They say that the courts have no discretion to slip around Rule 6(e). In sup-

---

**1.** For the record, the motion was filed by the United States of America through the Justice Department. The Department of Justice represents the Nuclear Regulatory Commission at the district court level because at this level the Nuclear Regulatory Commission has no authority to represent itself (28 U.S.C. § 516). However, for purposes of simplification, we will consider the Nuclear Regulatory Commission as the movant.

port of their position, they cite to our language in the April 10th memorandum:

> In the absence of a clear indication in a statute or rule, Congress and the Court have remained reluctant to authorize any breach of [grand jury] secrecy.

April 10th memorandum at pp. 6–7.

 The court's statement was accurate as written but not as interpreted. Congress and the Court should be *reluctant* to slip around Rule 6(e). That is not to say, however, that such a "slip around" is categorically prohibited. This court believes that, when the limited and special conditions described by the Seventh Circuit above are met, a "slip around" can and should be allowed. This concession, however, does not effect the disposition of the instant motion because, in the opinion of this court, the necessary conditions have not been demonstrated. Those conditions are a particularized showing of an extraordinary and compelling need for disclosure in the public's interest and circumstances in which few, if any, of the traditional needs for secrecy remain.[2]

In fact, the Nuclear Regulatory Commission in its attempt at showing extraordinary and compelling need, relies principally on the following two rather bare assertions: (1) that disclosure of these materials protects the public's interest in a safe nuclear industry; and (2) that forcing the

Commission to obtain this evidence independently[3] would entail large and unnecessary expenditures of time and money.

In considering these two assertions, this court came to the following conclusions. While it is true that the public's interest in a safe and closely regulated nuclear industry is significant, that interest must be weighed against the interest of the witnesses, the Department of Justice, the courts, and the public in maintaining a strong and largely inviolate tradition of grand jury secrecy. The grand jury system might well lose its credibility and effectiveness if secrecy is sacrificed without the strong showing of need described above.

The court must also consider whether the public's interest in a safe nuclear industry can be protected—albeit in a slower and more expensive manner—by means other than breaching the trust under which the grand jury witnesses testified. It is not the fault of either the court or the grand jury witnesses that the Nuclear Regulatory Commission has not, as of this date, conducted certain particular investigations which might have allowed it to collect independently most, if not all of, the data it now seeks to have handed over to it. In short, the delay argument does not convince this court that the secrecy of the grand jury should be compromised. Nei-

---

**2.** In reaffirming its commitment to the public policy against grand jury disclosure, the United States Supreme Court, in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 678, 78 S.Ct. 983, 984, 2 L.Ed.2d 1077 (1958), cited five reasons for secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (e) to prevent subornation of perjury or tampering with the witnesses who may later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) added retribution, public ridicule and the chilling effect of disclosure to the factors to be considered.

**3.** It is unarguable that the Nuclear Regulatory Commission could independently obtain most, if not all, of the information it seeks here. It has already conducted elaborate investigations, it possesses mountains of documents, records and reports. It has nationwide subpoena power and a special investigative office. It also has complete access without any disclosure of grand jury material to all TMI–2 plant records that were subpoenaed by the grand jury from Metropolitan Edison and to all of the analyses and reports that the Nuclear Regulatory Commission employees provided to the United States Attorney.

ther, for that matter, does the argument of increased cost. The Supreme Court has consistently rejected the arguments that reduced costs (in either time or money) justify breaches of grand jury secrecy. *Sells* at 103 S.Ct. 3142; *Smith v. United States,* 423 U.S. at 1303, 96 S.Ct. at 2, 46 L.Ed.2d 9 (1975); and *Procter and Gamble,* 356 U.S. at 682–83, 78 S.Ct. at 986–87.

The Nuclear Regulatory Commission also contends that many of the traditional reasons for grand jury secrecy no longer exist. This, of course, is a factor in considering a "slip around"; however, this court finds that the factors of retribution and ridicule remain. Additionally, we believe that the chilling effect on these and future witnesses before the grand jury cannot be overlooked.

By its own admission, it is not seeking the records to further its investigation into the Hartman allegations for use in connection with its decision on restart of TMI Unit I. Instead, it seeks the grand jury records to determine whether regulatory action against individuals employed in sensitive positions in the nuclear industry is warranted (Nuclear Regulatory Commission's reply memorandum of June 8, 1984 at p. 3).

The public certainly has an interest in seeing that proper regulatory action is taken against individuals employed in sensitive positions in the nuclear industry who are shown to have violated regulations or committed other professional misdeeds. It is also unarguable, however, that the Nuclear Regulatory Commission can identify the individuals employed in such positions, investigate them and regulate them without a full scale release of the grand jury records. The Commission argues that it must do more than investigate and interview these known employees. It says it must interview all of the persons who had contact with these people (NRC's reply memorandum at p. 5). It is the opinion of this court that the movant has asked for too much too soon.

In the interest of protecting both the integrity of the grand jury system and

responding to the purported needs of the public (although this court is not admitting that disclosure is the most productive and fitting way to meeting these needs), this court suggests that the Nuclear Regulatory Commission initiate its own investigation of these employees pursuant to its own investigative and subpoena powers. We further suggest that the Nuclear Regulatory Commission analyze, collate and evaluate the documents and records already in its possession or obtainable from Metropolitan Edison Company. When and if, as a result of the knowledge gained in this investigation, the NRC is able to formulate and compose a carefully tailored request for disclosure of the records which is supported by a particularized showing of the kind of extraordinary and compelling need discussed throughout this memorandum, the Nuclear Regulatory Commission should re-petition this court. While such a limited and particularized request may "slip around" Rule 6(e), the general and broad request presently before us can not. The disclosure presently requested would be both premature and unjustifiable; therefore, the motion will be denied at this time.

Finally, the court notes that defendant Metropolitan Edison made a gratuitous reentrance into the fray. On May 29, 1984, Metropolitan Edison filed a response to the Nuclear Regulatory Commission's Motion for Disclosure. Because Metropolitan Edison lacks standing in this motion and has not been accepted as an intervenor, we pay no attention to this document other than to the paragraph which requests this court to reconsider its order of April 10, 1984 concerning release of similar materials to Metropolitan Edison. That request for reconsideration is denied as untimely filed pursuant to Middle District Rule of Court 604.

ORDER

For the reasons expressed in the accompanying memorandum; IT IS HEREBY ORDERED THAT the motion of the Nuclear Regulatory Commission for the disclosure to them of those portions of the records of the March, 1983 and May, 1980

grand juries which relate to the so-called Hartman allegations is denied.