George E. MACK, Petitioner-Appellant,

v.

Gary McCUNE, Warden, Federal Penitentiary, Leavenworth, and Maurice J. Sigler, Chairman, United States Board of Parole, Respondents-Appellees.

No. 76–1257.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 16, 1977.

Decided March 2, 1977.

George E. Mack, pro se.

E. Edward Johnson, U.S. Atty., Mary K. Briscoe, Asst. U.S. Atty., Topeka, Kan., for respondents-appellees.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant Mack seeks the review of a denial of his petition for writ of habeas corpus by the United States District Court for the District of Kansas. We affirm the lower court's judgment.

Mack was paroled in 1972 after having served approximately three and one-half years of a fifteen-year federal sentence for bank robbery. In September of 1974 a parole violator's warrant was issued against him based on an August 1974 conviction in a Wayne County, Michigan court of possession of a dangerous weapon. The warrant was lodged as a detainer at the state institution where Mack was incarcerated. A dispositional review was conducted by the U.S. Board of Parole in December pursuant to Mack's written request for removal of the federal detainer. At that time the

Board determined, pursuant to the options available under 18 U.S.C. § 4207 (1970 ed), to let the detainer stand. In March of 1975 appellant was paroled by Michigan authorities and taken into federal custody.

Mack signed a waiver of his right to a local hearing, requesting instead that his final revocation proceeding occur at a federal correctional institution (FCI). He was then transported to the FCI at Oxford, Wisconsin where his revocation hearing took place in May. Counsel was present at the hearing and Mack was permitted to cross-examine witnesses and to present circumstances in mitigation of the alleged violation. Following the hearing his parole was revoked. In September of 1975 the Michigan Court of Appeals reversed Mack's conviction for carrying a dangerous weapon on the ground that the trial court had improperly instructed the jury on Mack's theory of the case.

Appellant raises the following issues in support of his claimed denial of constitutional rights:

1. That he was not provided with the initial "local" hearing mandated by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484;

2. That the Parole Board failed to grant him a prompt hearing following the issuance of the warrant;

3. That his ability to secure witnesses was hampered by his transfer to Wisconsin;

4. That the Board discredited his testimony in an arbitrary and capricious manner;

5. That he was not apprised that the Board would adjudicate the dangerous weapon charge *de novo*;

6. That the Board revoked his parole in reliance on a state conviction which was subsequently reversed.

We affirm the district court's decision.

Once a parolee has been convicted of an offense, the requisite probable cause for parole revocation has been established and an initial local hearing is not required. *Morrissey,* supra; *Moody v. Daggett,* ——

U.S. ——, ——, n.7, 97 S.Ct. 274, 50 L.Ed.2d 236. It has also been definitively established that the Parole Board is not required to execute a violator's warrant until such time as the intervening sentence has been served. *Moody,* supra. In the case at bar appellant was provided with a hearing within two months after the warrant was executed, which is all that is constitutionally required under *Morrissey.*

Mack also complains that he waived his right to a local hearing on the assumption that he would receive his final hearing at the FCI at Milan, Michigan (some 30 miles from the scene of the alleged violation) and that the Board's decision to send him 700 miles away to Oxford, Wisconsin prejudiced his ability to secure witnesses in his behalf. The transfer of prisoners is within the sound discretion of prison authorities. *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Appellant waived whatever rights he had; he voluntarily withdrew a motion (made after he arrived at Oxford) to be returned to Milan. Having made his own choices with the assistance of counsel, he cannot now complain about where the hearing was held.

Mack was permitted the opportunity to explain the circumstances surrounding his possession of a straight razor in violation of the proscription in the terms and conditions of his parole against possession of a dangerous weapon. The Board evaluated the testimony and chose not to believe him. Mack's credibility was a proper element for consideration by the Board. See, e. g., *Amaya v. Beto,* 424 F.2d 363 (5th Cir. 1970). The Board then determined that appellant was no longer a good parole risk. More is not required of the Board to effect appellant's right to due process. *Preston v. Piggman,* 496 F.2d 270 (6th Cir. 1974); *Caton v. Smith,* 486 F.2d 733 (7th Cir. 1973).

Appellant next claims that he was not made aware that he would have to defend the charge of possessing a dangerous weapon *de novo*; he contends he was informed only that the revocation was based on the *state conviction.* Finally he alleges that in view of the subsequent reversal of the con-

viction by the Michigan Court of Appeals, he is entitled to his release from custody. We find these contentions to be without merit.

 Mack was furnished with a copy of the Parole Board's warrant charging him with possession of a dangerous weapon. While it is true that the basis for the charge was the state conviction, appellant was well enough aware of what weapon he was charged with possessing and when and was not prejudiced by having to explain the facts surrounding the state charge. Possessing a weapon without the consent or knowledge of parolee's supervisor alone will justify the revocation of parole by the Board. *Spann v. Wainwright,* 431 F.2d 482 (5th Cir. 1970). A revocation proceeding is not criminal trial, *Amaya v. Beto,* supra, and no presumption of innocence exists as to a parolee. *Argro v. United States,* 505 F.2d 1374 (2nd Cir. 1974); *Hyser v. Reed,* 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). As with probation revocation, all that is required is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of the release. See, e. g., *Rodgers v. United States,* 413 F.2d 251 (10th Cir. 1969); *Genet v. United States,* 375 F.2d 960 (10th Cir. 1967). Consequently it does not matter that Mack's state conviction was subsequently overturned. Only if as a matter of law the acquittal of the state charges removed *all* factual support from the parole revocation can he be successful. *United States v. Chambers,* 429 F.2d 410 (3rd Cir. 1970). Here the Board made an independent finding based both on Mack's admitted possession of the razor and the knowledge that the state court conviction was on appeal and subject to possible reversal. Due process requires only that a parolee be permitted to present his mitigating circumstances to the Board, which in this case Mack was. *Preston v. Piggman,* supra; *Caton v. Smith,* supra.

We are satisfied that the revocation proceedings were free from pure caprice on the part of the authorities and that the discretionary decision to revoke parole was not arbitrary. *Alverez v. Turner,* 422 F.2d 214 (10th Cir. 1970); *Martinez v. Patterson,* 429 F.2d 844 (10th Cir. 1970).

When this case was docketed in this court, the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Neither party has done so. We have thoroughly reviewed the files and records in this case and are convinced that the opinion of the district court should be affirmed.

The mandate shall issue forthwith.