James Harvey **BRADLEY**, Jr. a/k/a
Junior Bradley, Appellant,

v.

Emmett **FAIRFAX**, U.S. Marshal,
Richard T. Mulcrone, U.S. Parole
Commissioner, Appellees.

No. 80–1129.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1980.

Decided Nov. 26, 1980.

Robert Beaird, Kansas City, Mo., for appellant.

* The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

Ronald S. Reed, Jr., U. S. Atty., W. D. Mo., Kansas City, Mo., William E. Zleit, Atty., U. S. Dept. of Justice, Washington, D. C., for appellees.

Before HENLEY and McMILLIAN, Circuit Judges, and ROY,* District Judge.

McMILLIAN, Circuit Judge.

Appellant James Harvey Bradley, Jr. appeals from a judgment entered by the district court[1] denying his amended petition for writ of habeas corpus. The effect of this judgment is to uphold the decision of the United States Parole Commission (Commission or Parole Commission) revoking appellant's parole. For the reasons discussed below, we affirm the judgment of the district court.

On May 19, 1975, appellant was released on parole after serving approximately seven years of a fifteen–year aggregate term of imprisonment for federal offenses including post office burglary, conspiracy, receiving stolen property, introduction of contraband into a United States penitentiary, and bribery. One of the conditions of his parole was that he not associate with persons who have a criminal record without permission from his parole officer.

Two years later, on June 27, 1979, a Western District of Missouri federal grand jury indicted appellant on ten counts, charging him with violations of 18 U.S.C. §§ 922(h) (receipt of firearms by a felon), 924(b) (causing interstate transportation of a firearm with intent to commit a felony) and 1962(c) (RICO–armed robbery). On August 16, 1979, after a jury trial, appellant was acquitted on all counts.

During the month before appellant's acquittal, United States Attorney William Zleit, who prosecuted the criminal case against appellant, became involved in the revocation of appellant's parole. On July 19, 1979, Zleit, by ex parte motion to federal

1. The Honorable John W. Oliver, Chief Judge, United States District Court for the Western District of Missouri.

district court,[2] obtained an order authorizing disclosure of grand jury testimony to the United States Parole Commission. The grand jury materials were subsequently submitted to the Commission and were followed by a July 18, 1979, letter from probation officer Kenneth Cope, in which Cope reported appellant's indictment for various federal crimes.[3] Upon receipt of these materials, the Parole Commission issued a parole violation warrant charging prohibited association with six known criminals, which resulted in appellant's prompt arrest. Appellant thereupon filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the circumstances which led to the Parole Commission's actions.

Over the next month, a number of negotiations not relevant here took place regarding appellant's release from custody prior to his trial on federal charges. Appellant was ultimately released until a combined preliminary interview and final parole revocation hearing was held. On September 13, 1979, approximately a month after his acquittal on criminal charges, appellant appeared at the parole revocation hearing with counsel. Zleit, the federal prosecutor, was present at the invitation of the Parole Commission. Evidence introduced at the hearing included letters written by appellant, telephone company records, investigative reports, criminal arrest and conviction records, a transcript of appellant's August 15, 1979, trial testimony, and the grand jury transcripts which are objected to on this appeal. At the conclusion of the hearing, the hearing officer advised that he would recommend revocation of parole on the grounds of appellant's extensive and continuous unauthorized association with known criminals.

Administrative appeals followed, with the result that finally, on February 5, 1980, the full Commission entered its decision affirming the previous decision of the National Parole Commissioners that appellant's parole should be revoked.

By memorandum and order entered February 12, 1980, Chief Judge Oliver denied appellant's amended petition for writ of habeas corpus on the merits. The present appeal is taken from that order pursuant to 28 U.S.C. § 1291.

For reversal appellant argues that (1) he is entitled to habeas corpus relief because grand jury transcripts were released to the United States Parole Commission in violation of Fed.R.Crim.P. 6(e), and (2) the district court erred in declining to rule that he was prejudiced by the presence of government counsel at his parole revocation hearing.

■ Appellant's parole status constitutes a sufficient restraint on his liberty to place him "in custody" for purposes of 28 U.S.C. § 2241. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Steinberg v. Police Court,* 610 F.2d 449, 453 (6th Cir. 1979); *Martineau v. Perrin,* 601 F.2d 1201, 1204 (1st Cir. 1979). We find in the disclosure of grand jury testimony, however, no basis for habeas corpus relief pursuant to 28 U.S.C. § 2241,[4] concluding that the disclosure which occurred in the facts of this case was harmless error.

■ The government first argues that disclosure was proper pursuant to Fed.R. Crim.P. 6(e)(3)(C)(i), which allows disclosure of grand jury materials "preliminary to or in connection with a judicial proceeding."[5]

2. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

3. At a subsequent hearing before Chief Judge Oliver, Zleit informed the court that Cope was given open access to the United States Attorney's files several days after the indictment of appellant. The information in Cope's report was presumably obtained from his review of the United States Attorney's files.

4. Habeas corpus relief is available under 28 U.S.C. § 2241(c)(3) if it is found that the petitioner is "in custody in violation of the Constitution or laws . . . of the United States."

5. Subsection 6(e)(3)(C)(i) provides in its entirety:

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

This Circuit and others have on occasion read the phrase "judicial proceeding" expansively:

> [T]he term "judicial proceeding" includes any proceeding determinable by a court, having for its object the compliance of any person, subject to judicial control, with standards imposed upon his conduct in the public interest, even though such compliance is enforced without the procedure applicable to the punishment of crime.

*In the Matter of Disclosure of Testimony Before the Grand Jury*, 580 F.2d 281, 285 (8th Cir. 1978) (approving release of materials to City of Omaha, the Council for Discipline of the Nebraska State Bar Association, and Nebraska Commission on Judicial Qualifications), *citing Doe v. Rosenberry*, 255 F.2d 118, 120 (2d Cir. 1958) (transcript of grand jury testimony turned over to grievance committee of New York Bar Association); *cf. In re Grand Jury Proceedings*, 309 F.2d 440, 443–44 (3d Cir. 1962) (disclosure not allowed to Federal Trade Commission investigation where a judicial proceeding may not necessarily result from the investigation and where the witnesses who appeared before the grand jury, and the documents produced, are available to the investigating commission and subject to administrative subpoena). The Seventh Circuit has specifically found that proceedings which will be subject to judicial review can be viewed as proceedings "preliminary to ... judicial proceeding[s]" within the meaning of Fed.R.Crim.P. 6(e). *In re Special February 1971 Grand Jury*, 490 F.2d 894, 897 (7th Cir. 1963) (Chicago police board hearing, which would be subject to judicial review, was preliminary to a judicial proceeding).

This authority, however, is not directly concerned with parole revocation hearings and does not, except by analogy, authorize disclosure in the present case. Applying the language of Rule 6 and decisional au-

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

thority to the particular facts before us, the decisive question is whether the parole revocation hearing was itself a judicial proceeding or, alternatively, whether it was a proceeding "preliminary to" a judicial proceeding.

■ It is clear that revocation hearings are not judicial proceedings per se. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1971) (revocation is not part of a criminal prosecution). Accordingly, disclosure under Rule 6(e)(3)(C)(i) can only rest on the attenuated reasoning that a parole revocation hearing is "preliminary to" a judicial proceeding in the sense that the parole revocation procedure is subject to collateral attack in the courts for abuse of discretion or lack of due process. *Morrissey v. Brewer, supra*, 408 U.S. 471, 92 S.Ct. 2593; *United States v. Reed*, 573 F.2d 1020 (8th Cir. 1978); *Creech v. United States Board of Parole*, 538 F.2d 205 (8th Cir. 1976); *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975); *United States ex rel. Carioscia v. Meisner*, 331 F.Supp. 635 (N.D. Ill. 1971); *cf. Wright v. Settle*, 293 F.2d 317 (8th Cir. 1961) (habeas corpus petition does not provide opportunity to produce evidence regarding violation of conditions of release).

We are reluctant to approve disclosure under such an expansive reading of Fed.R. Crim.P. 6. Such a reading of the Rule invites indiscriminate disclosure of grand jury materials to a wide variety of agencies whose decisions are subject to judicial review.[6]

■ Moreover, it is well established that parties seeking disclosure must show "particularized need," *i. e.*,

> that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

6. For this reason, the author has grave doubts about the court's decision in *In re Matter of Disclosure of Testimony Before the Grand Jury, supra*, 580 F.2d 281.

*Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); *see also United States v. Proctor & Gamble Co.,* 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958) (private party seeking to obtain grand jury transcripts must make a showing of need with particularity so that "the secrecy of the proceedings [may be] lifted discretely and limitedly."); *Thomas v. United States,* 597 F.2d 656, 658 (8th Cir. 1979); *United States v. Edelson,* 581 F.2d 1290 (8th Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1216, 59 L.Ed.2d 456 (1979); *Wisconsin v. Schaffer,* 565 F.2d 961 (7th Cir. 1977); *United States v. Knight,* 547 F.2d 75 (8th Cir. 1976); *Texas v. United States Steel Corp.,* 546 F.2d 626 (5th Cir.), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *Bast v. United States,* 542 F.2d 893 (4th Cir. 1976).[7] Here, there is nothing in the record to show that the ex parte petition for disclosure filed by United States Attorney Zleit satisfied the particularized need standard.

Finally, at least one court has indicated that where disclosure to an agency is involved, the agency itself should seek disclosure by means of an administrative subpoena. *In re Grand Jury Proceedings, supra,* 309 F.2d at 443–44. Here, United States Attorney Zleit rather than the Parole Commission sought disclosure by ex parte motion.

■ A second basis for disclosure proffered by the government involves Fed.R. Crim.P. 6(e)(3)(A)(ii).[8] According to this argument, Zleit was "an attorney for the government" within the meaning of the

Rule, who "deemed it necessary" that "government personnel" (probation officer Cope) be informed of the grand jury testimony, pursuant to Zleit's "duty to enforce federal criminal law."

This line of argument is flawed for two reasons. First, the government has cited no authority and we have found none to indicate that Zleit's "duty to enforce federal criminal law" within the meaning of Fed.R. Crim.P. 6(e) encompassed a duty to obtain revocation of appellant's parole.

Secondly, case law approving disclosure by a United States attorney contemplates a situation in which the United States attorney requires the help of agency experts in investigating a case. *United States v. Thomas,* 593 F.2d 615, 623 (5th Cir. 1979) (approving disclosure to IRS and Department of Agriculture personnel); *United States v. Stanford,* 589 F.2d 285, 292 (7th Cir. 1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979) (disclosure to FBI personnel); *United States v. Universal Manufacturing Co.,* 525 F.2d 808, 812–13 (8th Cir. 1975) (disclosure to FBI personnel). Here, no argument is made that Zleit required the help of probation officer Cope in preparing the criminal case for trial, nor was disclosure sought for this purpose.

The third justification offered by the government for disclosure is that the Parole Commission's hearing officer was an "attorney or the government" within the meaning of Fed.R.Crim.P. 6(e)(3)(A)(i).[9] Disclosure to the hearing officer is said to have been pertinent to the performance of the hearing officer's duties.

---

7. The particularized need standard has apparently survived 1977 amendments to Fed.R. Crim.P. 6. *See Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 221 n.11, 99 S.Ct. at 1673 n.11; *see also In re Matter of Disclosure of Testimony Before the Grand Jury, supra,* 580 F.2d at 286 ("Even when the literal requirements of Rule 6(e) are met, a court must carefully balance the interest of grand jury secrecy against the goal of a just result in a judicial proceeding.").

8. Fed.R.Crim.P. 6(e)(3)(A)(ii) provides:
(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury,

other than its deliberations and the vote of any grand juror, may be made to—
(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

9. Fed.R.Crim.P. 6(e)(3)(A)(i) provides:
(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—
(i) an attorney for the government for use in the performance of such attorney's duty.

Case law suggests that a hearing officer employed by the Parole Commission is an attorney for the agency, not an attorney for the government within the meaning of the Fed.R.Crim.P. 6. *In re Grand Jury*, 583 F.2d 128, 131 n.2 (5th Cir. 1978) (IRS attorney is agency, not government attorney); *In re Grand Jury Proceedings, supra*, 309 F.2d at 443 (FTC attorney is agency attorney). Accordingly, we are reluctant to hold that disclosure could properly have been made to the hearing officer as an attorney for the government.

■ Finally, the government argues that attorney Zleit had a statutory duty pursuant to 18 U.S.C. § 4205(e) to disclose grand jury materials to the Parole Commission. Section 4205(e) (emphasis added) provides:

> *Upon request of the Commission*, it shall be the duty of the various probation officers and government bureaus and agencies to furnish the Commission information available to such officer, bureau, or agency, concerning any eligible prisoner or parolee and whenever not incompatible with the public interest, their views and recommendation with respect to any matter within the jurisdiction of the Commission.

It is significant that the duty of disclosure created by § 4205(e) arises "[u]pon request of the Commission." Here, the Commission did not request the grand jury materials. Rather, Zleit filed an ex parte motion requesting an order of disclosure and probation officer Cope was allowed by the government to review the government's open file in appellant's criminal case. Because the Commission did not request disclosure, it cannot convincingly be said that the needs of the Commission, as contemplated by 18 U.S.C. § 4205(e), were the basis for the disclosure. We also have serious doubts that the duty of disclosure created by 18 U.S.C. § 4205(e) authorized disclosure of information which would otherwise be within the general rule of grand jury secre-

cy. We have found no authority to support the government's argument to this effect.

In sum, we are unwilling to conclude that disclosure of the grand jury materials can be justified with reference to any of the disclosure provisions suggested by the government and we find it unnecessary to do so.

■ We are convinced from a careful review of the record and briefs that any wrongful disclosure of grand jury testimony was harmless error. In objecting to disclosure of the grand jury materials appellant attempts to suggest that the hearing officer's parole revocation decision had no basis, or only an improper basis, in these prejudicial materials. Yet it is clear from the record that the parole revocation decision was amply supported by appellant's own admission to five of the six criminal associations charged in the parole violation warrant.[10] In view of the substantial evidence which supports the parole revocation, the prejudice resulting from admission of the grand jury materials was minimal and the error harmless. *United States v. Spero*, 625 F.2d 779, 782 (8th Cir. 1980) (harmless error in admission of evidence of prior conviction, where other evidence was persuasive and prejudice minimal); *United States v. Parker*, 622 F.2d 298, 304 (8th Cir. 1980) (harmless error in introduction of statements of codefendants where defendant's own statements provided best evidence for conviction); *United States v. Bazzano*, 570 F.2d 1120, 1127 (3d Cir. 1977), *cert. denied*, 436 U.S. 917, 98 S.Ct. 2261, 56 L.Ed.2d 757 (1978) (harmless error in disclosure of grand jury testimony to government witness).

Moreover, even were we to conclude that the disclosure of grand jury materials to the Commission was prejudicial error, this fact would not necessarily create a cognizable basis for habeas corpus relief pursuant to 28

---

**10.** The hearing officer chose not to believe appellant's testimony as to the purportedly innocent nature of these criminal associations. The hearing officer acted well within his discretion, as appellant's credibility in these matters was a

proper element for his consideration. *Mack v. McCune*, 551 F.2d 251, 253 (10th Cir. 1977); *Amaya v. Beto*, 424 F.2d 363 (5th Cir. 1970); *Lewis v. United States Parole Comm'n*, 448 F.Supp. 1327 (E.D. Mich. 1978).

U.S.C. § 2241. We decline to determine here whether wrongful disclosure of grand jury materials constitutes a "violation of the Constitution or laws . . . of the United States" within the meaning of 28 U.S.C. § 2241(c)(3), or whether suppression is the appropriate remedy for wrongful disclosure. We note, however, that the exclusionary rule is generally inapplicable in parole revocation proceedings. *United States v. Farmer*, 512 F.2d 160 (6th Cir.), *cert. denied*, 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); *United States v. Brown*, 488 F.2d 94 (5th Cir. 1973); *Sperling v. Fitzpatrick*, 426 F.2d 1161 (2d Cir. 1970); *Lewis v. United States Parole Comm'n, supra*, 448 F.Supp. 1327.

■ Appellant's second contention is that his due process right to an impartial parole revocation hearing was violated by the presence at the hearing of United States Attorney Zleit.

It is uncontested that Zleit was summoned to the hearing because appellant's counsel had requested the presence of witnesses who had provided the Commission with information on which revocation could be based.[11] Zleit's presence also gave appellant an opportunity for cross–examination as mandated by 28 C.F.R. § 2.50(c), which provides in part:

> At a local revocation hearing, the Commission may on the request of the alleged violator or on its own motion, request the attendance of persons who have given statements upon which revocation may be based. Those witnesses who are present shall be made available for questioning and cross–examination in the presence of the alleged violator.

11. This might be a different case if appellant had not initially requested the presence of adverse witnesses for purposes of cross–examination. Had appellant not taken the initiative, the Parole Commission would still have authority to request the presence of any United States attorney who possessed information on a parolee, pursuant to 18 U.S.C. § 4205(e):

> Upon request of the Commission, it shall be the duty of the various probation officers and government bureaus and agencies to furnish the Commission information available to such officer, bureau or agency concerning any eligible prisoner or parolee.

Appellant points out, however, that he reassessed his request for witnesses at the time of the hearing, offering a written objection to the presence of any United States attorney on the grounds that a parole revocation hearing is not an adversary proceeding and that the presence of a United States attorney would tend to undermine the independence of the Commission. The hearing officer allowed Zleit to remain despite appellant's protest. Appellant thereafter declined to call Zleit or any other witnesses in his behalf, with the result that Zleit apparently sat silently throughout the hearing.

The parties have cited no cases directly on point as to any due process violation in these events, nor have we discovered any authority which considers the specific question whether the presence at a parole revocation hearing of a United States attorney offends the due process clause. It is clear, however, that the hearing according to appellant was sufficiently impartial to satisfy the requirements of due process which have emerged in other factual contexts. For example, in *Morrissey v. Brewer, supra*, 408 U.S. at 486, 92 S.Ct. at 2602, the Supreme Court noted that the preliminary hearing on revocation should be conducted by "someone such as a parole officer other than the one who had made the report of parole violations or has recommended revocation," and that the revocation decision should be made by a "neutral and detached" hearing body. *Id.* at 489, 92 S.Ct. at 2604. Here, the hearing officer was not involved in the initial report of parole violations.

However, a request from the Commission for the presence of a United States attorney might, in some circumstances, give rise to doubts about the Commission's impartiality. We do not here address this possibility. We also do not intend here to approve a general practice by the Commission of summoning United States attorneys to parole revocation hearings. We limit our decision to the present factual context, noting that appellant's own counsel made the initial request for Zleit's presence.

We also find it significant that appellant does not allege violation of the procedural safeguards provided by 18 U.S.C. § 4214.[12] Specifically, we note that appellant was given notice of the conditions of parole alleged to have been violated, an opportunity to testify in his own behalf, and an opportunity to cross–examine adverse witnesses, all with the assistance of counsel. Other courts have found that due process is satisfied when an alleged parole violator is accorded an opportunity to explain the circumstances surrounding his violation of parole conditions. *Mack v. McCune, supra,* 551 F.2d 251.

 Here, appellant admitted his association with known criminals and had an opportunity to explain the purportedly innocent nature of these associations. There is no evidence other than appellant's speculation that the silent presence of United States Attorney Zleit undermined the considerable procedural safeguards accorded appellant or the impartiality of the hearing officer. The recommendation of the hearing officer was subject to several subsequent administrative reviews in which Zleit had no part. We are satisfied that the decision of the hearing officer was free from pure caprice and that the discretionary decision to revoke parole was not arbitrary. *Mack v. McCune, supra,* 551 F.2d at 254; *Lewis v. United States Parole Comm'n, supra,* 448 F.Supp. 1327.

Admittedly, there is an aspect of the revocation which appears facially oppressive, in that the Commission considered materials supporting an indictment upon which appel-lant was acquitted. However, appellant's parole revocation was based on association with known criminals, not on the indicted offenses. Acquittal and parole revocation could therefore be perfectly consistent. Conduct that is not criminal may still be in violation of parole conditions. *Lewis v. United States Parole Comm'n, supra,* 448 F.Supp. at 1330.

Accordingly, the judgment of the district court denying the petition for writ of habeas corpus is affirmed.

---

12. 18 U.S.C. § 4214(a)(2) provides in pertinent part:

Hearings . . . shall be conducted by the Commission in accordance with the following procedures:

(A) notice to the parolee of the conditions of parole alleged to have been violated, and the time, place, and purposes of the scheduled hearing;

(B) opportunity for the parolee to be represented by an attorney (retained by the parolee, or if he is financially unable to retain counsel, counsel shall be provided pursuant to section 3006A) or, if he so chooses, a representative as provided by rules and regulations, unless the parolee knowingly and intelligently waives such representation;

(C) opportunity for the parolee to appear and testify, and present witnesses and relevant evidence on his own behalf; and

(D) opportunity for the parolee to be apprised of the evidence against him and, if he so requests, to confront and cross–examine adverse witnesses, unless the Commission specifically finds substantial reason for not so allowing.

