**David PRICE, Plaintiff,**

v.

**VIKING PRESS, INC., Peter Matthiessen, and Bruce Ellison, Defendants.**

**Civ. No. 4–85–819.**

United States District Court, D. Minnesota, Fourth Division.

Feb. 20, 1987.

On Petition For Disclosure March 2, 1987.

See also, D.C., 654 F.Supp. 1038.

Gerald Reade, Yankton, S.D. and Martin Garbus and Richard Kurnit, New York City, for Viking Press, Inc.

Davenport, Evans, Hurwitz & Smith, Lawrence L. Piersol, Sioux Falls, S.D., for Peter Matthiessen.

Bruce Ellison, Rapid City, S.D., pro se.

## ORDER

DIANA E. MURPHY, District Judge.

Before the court is a letter request from defendants Viking and Matthiessen to stav deposition discovery pending the court's resolution of defendants' dispositive motions. United States Magistrate Floyd E. Boline denied a motion by defendants to stav discovery on December 19, 1986. Defendants did not appeal from that order and have made no showing that the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

The court may, of course, consider case management concerns at any time consistent with Fed.R.Civ.P. 16. Discovery in this case was stayed for ten months pending the resolution of defendants' initial motion to dismiss and the outcome of settlement proceedings conducted by a special master appointed by the court. Only after the conclusion of those matters did the court allow discovery to commence on August 5, 1986. At this time, defendants have made no particularized showing as to why discovery should be stayed, alleging only generalized objections about burdens on First Amendment activities. Plaintiff on the other hand demands his right to "a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Defendants have procedures available to challenge any inappropriate discovery requests. Under all the circumstances, the request should be denied.

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' request for a stay of deposition discovery is denied.

Dorsey & Whitney and Daniel P. O'Keefe, Minneapolis, Minn., for David Price; Banks & Johnson and Wayne F. Gilbert, Rapid City, S.D., of counsel.

Leonard, Keyes, Briggs & Morgan, St. Paul, Minn., Special Master.

**42**

## ON PETITION FOR DISCLOSURE

Now before the court is the petition of defendants Viking Penguin, Inc. and Peter Matthiessen for disclosure of various grand jury proceedings pursuant to Fed.R. Crim.P. 6(e)(3)(C)(i).

Defendants seek the disclosure of grand jury testimony in the cases of *United States v. Banks*, 383 F.Supp. 389 (D.S.D. 1974); *United States v. Peltier*, 585 F.2d 314 (8th Cir.1978), *cert. denied*, 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979); and *Marshall v. State*, 305 N.W.2d 838 (S.D.1981). They also petition for the disclosure of testimony involving Anna Mae Aquash, Myrtle Poor Bear, Louis Moves Camp, Richard Marshall or Leonard Peltier before any grand jury in any other case. Defendants believe that this testimony contains information which will establish the truth of assertions made by defendant Matthiessen in the book *In the Spirit of Crazy Horse* and will serve to impeach the credibility of plaintiff at trial.

■ Under Fed.R.Crim.P. 6(e)(3)(C)(i), disclosure of grand jury testimony may be made "when so directed by a court preliminarily to or in connection with a judicial proceeding." In *Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979), the Supreme Court established the standard to be applied when considering a petition for disclosure of grand jury testimony:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

In essence, a petitioning party must make a showing of "particularized need." *Id.* at 222 n. 12, 99 S.Ct. at 1674 n. 12; *see also Bradley v. Fairfax*, 634 F.2d 1126, 1129 (8th Cir.1980).

Defendants argue that the information they seek is needed to "avoid a possible injustice" in this litigation and that the court can fashion disclosure in a manner consistent with the protection of individual interests. Accordingly, they contend that they have made a showing of particularized need.

In response to defendants' petition, the Federal Bureau of Investigation (FBI) states that it takes no position on whether defendants have made a showing of particularized need and that it does not object to the disclosure of grand jury proceedings in the *Banks* and *Peltier* matters.[1] The FBI also takes no position on the disclosure of state grand jury proceedings in the *Marshall* case. The FBI does, however, object to the disclosure of any grand jury proceedings involving an ongoing investigation of the murder of Anna Mae Aquash on the grounds of the law enforcement privilege.

■ After considering the relative interests involved, the court finds that defendants' need in this proceeding for the grand jury testimony in the *Banks* and *Peltier* matters outweighs the need for continued secrecy of that testimony. With respect to grand jury testimony concerning the pending investigation into the murder of Anna Mae Aquash, however, the court finds that the need for continued secrecy is greater than defendants' need for the testimony. Since defendants have made no showing that federal courts have authority over state grand jury testimony, no finding need be made with respect to defendants' petition concerning the *Marshall* case.[2]

---

1. Plaintiff, an FBI agent, has indicated that he has no objection to defendants' petition, so long as it does not delay this action. The FBI is not a party, but has submitted a response to plaintiff's petition: it refers to itself both as "the FBI" and as "the government."

2. Defendants' petition requests the disclosure of grand jury testimony given in other cases in-

volving Anna Mae Aquash, Myrtle Poor Bear, Louis Moves Camp, Richard Marshall and Leonard Peltier. It is unclear, however, to whom the request is directed. The FBI indicates that it has no objection to plaintiff identifying such grand juries, but objects to the disclosure of such testimony until it has had an opportunity to assert any objection. Under the circumstanc-

 

As defendants recognize, Fed.R.Crim.P. 6(e)(3)(D) requires that a petition for disclosure be filed "in the district where the grand jury convened." This court has no control over testimony presented to grand juries convened in other districts. *See Douglas Oil Company*, 441 U.S. at 225, 99 S.Ct. at 1676. If appropriate petitions are filed, however, the reviewing court may consider this court's evaluation of defendants' need for testimony in this litigation. *See* Fed.R.Crim.P. 6(e)(3)(E).

Accordingly, based on the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' petition for favorable findings toward disclosure of grand jury testimony is granted in part and denied in part.

es, the FBI's suggestion appears to be the best

Leonard, Keyes, Briggs & Morgan, St. Paul, Minn., Special Master.

Gerald Reade, Yankton, S.D., and Martin Garbus and Richard Kurnit, New York City, for Viking Press, Inc.

Davenport, Evans, Hurwitz & Smith, Lawrence L. Piersol, Sioux Falls, S.D., for Peter Matthiessen.