940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Leonard D. WHITE, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, United States Parole
Officer, Art Beeler, Warden, Defendants-Appellees.
 No. 91-6101.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. White, a federal prisoner, appeals pro se the denial of habeas corpus relief.
 
 
 3
 Mr. White was convicted in 1982 of a federal crime and sentenced to six years in prison. He was paroled in 1986 and his parole was revoked in May 1987. In September 1987, he was again paroled. In August 1989, a parole violator warrant was issued as Mr. White was charged with three state felonies. These state crimes were reduced to misdemeanor charges. Mr. White entered a nolo contendere plea to the misdemeanor charges and was sentenced to two consecutive one year suspended sentences. The parole violator warrant was amended to reflect these facts and this warrant was executed in September 1989.
 
 
 4
 The Parole Commission then notified Mr. White it found probable cause to believe he violated his parole and a hearing would be ordered. Mr. White was then moved to Texas where he signed a form waiving counsel and in this form he did not request the testimony of witnesses.
 
 
 5
 An institutional revocation hearing was held in December 1989, and the panel concluded Mr. White had in fact committed the three felonies which the state ordinarily charged him with and thus found Mr. White violated parole. Mr. White unsuccessfully appealed this decision to the National Appeals Board.
 
 
 6
 Mr. White then filed the now pending pro se petition for habeas corpus relief. Mr. White set forth six grounds for relief which were: (1) the Parole Commission failed to conduct a preliminary interview after the parole violator warrant was executed; (2) prejudicial delay of the revocation hearing; (3) arbitrary denial of appointment of counsel for the revocation hearing; (4) lack of adequate notice of time and place of parole revocation hearing prejudicing his ability to obtain or present witnesses on his behalf; (5) denial of the right to confront and cross-examine adverse witnesses and not provided sufficient reasons for not having his witnesses present; and (6) failure to advise Petitioner of the possible consequences of the revocation hearing pertaining to loss of street time and arbitrary and capricious denial of street time.
 
 
 7
 The district court in a thorough Memorandum Opinion meticulously considered each of the claims and concluded relief should be denied.
 
 
 8
 On appeal Mr. White raises the same issues and advances essentially the same arguments he made to the district court.
 
 
 9
 We have considered the arguments raised by Mr. White, both in his initial brief and in his reply brief (which he has styled "Objections to Respondent's Brief"), and Mr. White has failed to persuade us the district court committed error.
 
 
 10
 We can address the issues raised no better and no more thoroughly than the district court. We therefore AFFIRM the judgment of the district court for substantially the same reasons set forth by the district court in its' ten page Memorandum Opinion dated March 6, 1991, a copy thereof being attached hereto.
 
 
 11
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 13
 LEONARD D. WHITE, Petitioner,
 
 
 14
 v.
 
 
 15
 U.S. PAROLE COMMISSION, Respondent.
 
 CIV-90-1931-W
 
 16
 March 6, 1991.
 
 MEMORANDUM OPINION
 
 17
 Before the Court for consideration is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 brought pro se and in forma pauperis by a prisoner in federal custody, currently housed at the Federal Correctional Institution, El Reno, Oklahoma. Petitioner seeks relief from the Parole Commission's decision revoking parole. The government has responded and the matter is at issue. The Court has determined that an evidentiary hearing is not warranted because the issues raised herein can be resolved on the basis of the record.
 
 
 18
 The relevant facts are as follows. In 1982, Petitioner was convicted in the Northern District of Oklahoma of theft of an interstate shipment, and was sentenced to a regular adult term of six years in prison. He was paroled on that charge in June, 1986. (Respondent's Exhibit A). His parole was revoked in May, 1987, when a shotgun was found in his home and Petitioner was found in the company of another person with a criminal record. (Respondent's Exhibit B). Petitioner was again paroled on September 8, 1987. (Respondent's Exhibit C).
 
 
 19
 While on parole, Petitioner was arrested by the Tulsa Police Department, Tulsa, Oklahoma on June 22, 1989, and was charged with second degree burglary, possession of burglary tools and knowingly concealing stolen property. (Respondent's Exhibit D). On August 3, 1989, the parole violator warrant was issued charging Petitioner with these three violations. (Respondent's Exhibit E). Only after the original parole violator warrant was issued was the Commission notified that Petitioner had entered a plea of no contest to the reduced misdemeanor charges of trespassing and tampering with a vehicle, and that Petitioner was sentenced to two consecutive one year suspended sentences on July 28, 1989. (Respondent's Exhibit G). Accordingly, the parole violator warrant was supplemented to reflect that information. (Respondent's Exhibit F).
 
 
 20
 The parole violator warrant was executed on September 8, 1989 (Respondent's Exhibit H) and on October 13, 1989 the Parole Commission sent a letter informing Petitioner that it had found probable cause to believe that he had violated the conditions of his parole and that a hearing would be ordered. (Respondent's Exhibit I). Prior to the originally scheduled revocation hearing at F.C.I. El Reno, Petitioner was removed to F.P.C. Big Spring, Texas. After his removal to Big Spring, Texas, Petitioner signed a form whereby he waived representation of counsel and did not specifically request the testimony of voluntary witnesses. (Respondent's Exhibit J).
 
 
 21
 The institutional revocation hearing was held on December 6, 1989 (Respondent's Exhibit K), and that panel concluded that Petitioner had in fact violated his parole as charged i.e., second degree burglary, possession of burglary tools, and knowingly concealing stolen property. Based on a salient factor score of 1 and an offense severity rating of 3, the applicable guideline range was 24 to 32 months by notice of action dated December 18, 1989. The regional commissioner concurred in the recommendation of the panel to revoke Petitioner's parole. None of the time spent on parole was to be credited and Petitioner was to continue to expiration with the drug aftercare condition. (Respondent's Exhibit L). The initial revocation panel had previously noted that Petitioner would have a new estimated mandatory release date of October 13, 1991 (Respondent Exhibit K, p. 2), and, thus, Petitioner would discharge his sentence within the guideline range. (Respondent's Exhibit K, p. 5).
 
 
 22
 Petitioner appealed the decision to the National Appeals Board, but the Board affirmed the regional commissioner's decision by Notice of Action dated February 26, 1990. (Respondent's Exhibit N).
 
 
 23
 Petitioner now argues he is entitled to habeas relief on the following grounds: (1) the Parole Commission failed to conduct a preliminary interview after the parole violator warrant was executed; (2) prejudicial delay of the revocation hearing; (3) arbitrary denial of appointment of counsel for the revocation hearing; (4) lack of adequate notice of time and place of parole revocation hearing prejudicing his ability to obtain or present witnesses on his behalf; (5) denial of the right to confront and cross-examine adverse witnesses and not provided sufficient reasons for not having his witnesses present; and (6) failure to advise Petitioner of the possible consequences of the revocation hearing pertaining to loss of street time and arbitrary and capricious denial of street time.
 
 
 24
 The standard of judicial review of the parole decision is whether the decision is arbitrary and capricious or an abuse of discretion; it is not the function of the Court to repass on the credibility of reports received by the Parole Commission. Dye v. United States Parole Commission, 558 F.2d 1376 (10th Cir.1977); see also Fiumara v. O'Brian, 889 F.2d 254 (10th Cir.1989), cert. denied, 110 S.Ct. 2563 (1990). The Court is not to redetermine the Parole Commission's findings of fact de novo but it is to determine whether there is "some evidence tending to support the agency's decision." Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir.1986). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statements of reasons." Solomon v. Elsea, 676 F.2d 282, 890 (7th Cir.1982). Accord, Misasi v. United States Parole Commission, 835 F.2d 754, 758 (10th Cir.1987). Because of the broad discretion granted to the Parole Commission to promulgate rules and regulations establishing guidelines for the exercise of its power, 18 U.S.C. Sec. 4203(a)(1) [18 U.S.C. Secs. 4201-4218 repealed effective November 1, 1987, by the Sentencing Reform Act of 1984, Title II, Sec. 218(a)(5), 98 Stat. 2027], Court's defer to the Commission's interpretation of its regulations, unless these interpretations are unreasonable. Timpani v. Sizer, 732 F.2d 1043 (2nd Cir.1984).
 
 
 25
 Petitioner's contention that he was entitled to a preliminary interview before his 1989 revocation hearing is without merit. Pursuant to 18 U.S.C. Sec. 4214(b)(1), a conviction for a criminal offense committed after release on parole establishes the requisite probable cause for a parole revocation, and an initial preliminary hearing is not required. Mack v. McCune, 551 F.2d 251 (10th Cir.1977); 28 C.F.R. Sec. 2.48(f). See also DeCuir v. United States Parole Commission, 800 F.2d 1021 (10th Cir.1986) (plea of guilty equals a conviction for purposes of street time forfeiture). Petitioner also argues that he was entitled to a preliminary hearing under Bureau of Prisons Policy Statement 2.49(b). (Respondent's Exhibit O). However, his reliance on that policy statement is misplaced for it applies to local revocation hearings, not preliminary interviews, and is inapplicable when a parolee has been convicted of a crime committed while under supervision. This policy statement comports with 28 C.F.R. Sec. 2.49(a)(1).
 
 
 26
 In Ground Two Petitioner argues that he was entitled to a revocation hearing within 60 days after his arrest on the violator warrant. However, the 60-day time limit applies to local revocation hearings, 28 C.F.R. Sec. 2.49(a)(1), not to revocation hearings. Rather, institutional revocation hearings are to be held within 90 days of the execution of the violator warrant. See 28 C.F.R. Sec. 2.49(e). The December 6, 1989 revocation hearing was held within 90 days of the September 8, 1989 execution of the warrant. Further, Petitioner fails to allege more than conclusory allegations of how he was prejudiced by the perceived delay. See Smith v. United States, 577 F.2d 1025 (5th Cir.1978) (when a revocation hearing is not held within 90 days after the arrest, the Petitioner must show that the delay was both unreasonable and prejudicial); McNeal v. United States, 553 F.2d 66, 68 (10th Cir.1977).
 
 
 27
 In Ground Three Petitioner argues that he was wrongfully denied the appointment of counsel to represent him at his revocation hearing. Respondent does not dispute that Petitioner had previously requested counsel at the originally scheduled F.C.I. El Reno revocation hearing. However, prior to that hearing taking place Petitioner was transferred to F.P.C. Big Spring, Texas. The transfer of prisoners is within the sound discretion of prison authorities. Mack v. McCune, 551 F.2d at 253, citing Meachum v. Fano, 427 U.S. 215 (1976). Cf. Frazier v. Dubois, 922 F.2d 560 (10th Cir.1990) (discretion to transfer must not be exercised in retaliation for exercising constitutional rights). The Respondent herein, the United States Parole Commission, has no authority over the timing of transfers within the prison system. Further, once Petitioner arrived at F.P.C. Big Spring, he waived representation of counsel. (Respondent's Exhibit J). Accordingly, this ground for relief is without merit.
 
 
 28
 In Grounds Four and Five Petitioner essentially argues he was denied the opportunity to present witnesses in his behalf and to confront and cross-examine adverse witnesses. The minimum requirements of due process in a parole revocation hearing include, among other things, the opportunity to be heard in person and to present witnesses and documentary evidence, as well as the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). Morrisey v. Brewer, 408 U.S. 471, 488-489 (1972). At the parole hearing, the parolee may show either that the violation did not occur or that mitigating circumstances should preclude revocation. Id. at 488. Regarding Petitioner's claim that he was denied the opportunity to present witnesses, the record reflects that Petitioner waived the opportunity to have witnesses voluntarily appear on his behalf by not making that choice on the election form on November 20, 1989. (Respondent's Exhibit J). The revocation summary of the December 6, 1989 hearing reflects that the revocation panel relied on letters dated June 23, 1989 and July 14, 1989 from U.S. Probation Officer Williams, along with the police report describing the events of June 22, 1989. According to the police report, Petitioner was observed with others stripping a tractor inside a barn. The four wheels, tires, right rear axle housing, fuel filter and other parts had been removed from the tractor. Also, the officers observed a van parked in the area and discovered that it had been stolen. It was determined that Petitioner and others were utilizing this stolen van. (Respondent's Exhibit K, p. 23).
 
 
 29
 Petitioner denied those charges but admitted to the lesser charges of trespassing and tampering with a vehicle, allegedly upon the advice of the U.S. Probation Officer. Petitioner stated that he had been driving the van in the area at the time. He pulled the van to the side of the road because a passenger needed to urinate. At that time, a police unit arrived and Petitioner was questioned. Petitioner asserted to the panel that the items at issue on the van were the door, and not the van itself. Petitioner asserted that this was legitimately the property of his son. The panel also had before it a letter signed by an individual named Ed Neighbors indicating that he had submitted a deposition to the Tulsa County District Attorney's office concerning the doors of the van. The panel concluded that the information which best described Petitioner's involvement was the official police reports and the letters from the supervising U.S. Probation Officer.
 
 
 30
 The reliability and trustworthiness of testimony and other evidence produced in a revocation hearing is a matter for the trier of fact. See Maddox v. United States Parole Commission, 821 F.2d 997 (5th Cir.1987); Dye v. United States Parole Commission, 555 F.2d at 1376. Further, Petitioner's contention that he was denied the opportunity to cross-examine adverse witnesses is based upon his statement that he was denied access to the contents of a letter dated July 24, 1989, and that the hearing examiner's decision was based on the contents of that letter, along with a July 14, 1989 letter from his probation officer. However, this claim is without basis in fact because the revocation hearing summary (Respondent's Exhibit K, p. 2) reflects only a June 23, 1989 letter and a July 14, 1989 letter, along with the police report as the basis for the decision. It is clear that the Parole Commission may use all relevant information, 18 U.S.C. Sec. 4207, and "any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided that the prisoner is apprised of the information and afforded the opportunity to respond." 28 C.F.R. Sec. 2.19(c). Further, as noted by the Fifth Circuit in Maddox v. United States Parole Commission, 829 F.2d 997, 999 (5th Cir.1987):
 
 
 31
 "... [T]he only constraints on the information that may be considered by the Parole Commission are constitutional. Specifically, the Commission may consider dismissed counts of an Indictment, hearsay evidence, and allegations of criminal conduct for which the prisoner has not even been charged."
 
 
 32
 In Morrisey v. Brewer, 408 U.S. at 489, the Court noted that in parole revocation hearings, "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." The Parole Commission may consider dismissed charges as grounds for parole revocation. Perry v. United States Parole Commission, 831 F.2d 811, 813 (8th Cir.1987), cert. denied, 485 U.S. 963 (1988). Here, the police report and the letters of the probation officer bear substantial indicia of liability and the Commission was not required to show good cause for not producing the declarants at the revocation hearing. See Egerstaffer v. Israel, 726 F.2d 1231, 1234 (7th Cir.1984); Prellwitz v. Berg, 578 F.2d 190 (7th Cir.1978).
 
 
 33
 In Petitioner's Ground Six, he asserts that he was not advised of the possibility of a forfeiture of street time and the forfeiture of street time was arbitrary and capricious. After Petitioner's release on parole on August 12, 1987, Petitioner received two new misdemeanor convictions in 1989 which were punishable by incarceration. A parolee who has been convicted of a new crime automatically forfeits the time spent on parole. 28 C.F.R. Sec. 2.52(c)(2); Harris v. Day, 649 F.2d 755 (10th Cir.1981). See also Munguia v. United States Parole Commission, 871 F.2d 517 (5th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 161 (1989). Forfeiture of street time is a penalty for a new conviction incurred by the parolee and does not require notice that forfeiture of street time is a consequence of the parole revocation decision. Munguia v. United States Parole Commission, 871 F.2d at 521. Moreover, in this case, the parole violator warrant specifically advised Petitioner that he would not receive credit for time spent on parole if he was convicted of a new offense punishable by a term of imprisonment. (Respondent's Exhibit E). Pursuant to 18 U.S.C. Sec. 4210(b)(2) the amount of time remaining on a prisoner's original sentence, after he has received a new conviction while on parole, is the unexpired term remaining to be served by that prisoner at the time he was paroled. United States v. Newton, 698 F.2d 770 (5th Cir.1983). Accordingly, the decision of the Parole Commission forfeiting street time was neither arbitrary or capricious, nor was it an abuse of discretion.
 
 
 34
 Based on the foregoing, the petition is without merit. Judgment will issue denying the Petition for Writ of Habeas Corpus and dismissing the cause of action.
 
 
 35
 It is so ORDERED this 6th day of March, 1991.
 
 
 36
 /s/LEE R. WEST
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3