**Howard PHILLIPS, Petitioner,**

v.

**Page TRUE, Warden, and the United States Parole Commission, Respondents.**

**No. 95–3465–RDR.**

United States District Court, D. Kansas.

Jan. 12, 1998.

**1256**

Howard Phillips, Leavenworth, KS, pro se.

Mary K. Ramirez, Office of United States Attorney, Topeka, KS, for Page True and U.S. Parole Com'n.

### *MEMORANDUM AND ORDER*

ROGERS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by an inmate in federal custody. Petitioner seeks release from confinement and alleges the Parole Commission used erroneous information to revoke his parole. The respondents filed and Answer and Return (Doc. 11), and petitioner filed no traverse. Having examined the record, the court enters the following findings and order.

### Factual Background

Petitioner was sentenced in 1987 in the United States District Court for the Eastern District of Wisconsin to a term of twenty years for aiding and abetting a bank robbery committed with a dangerous weapon. He was released on parole in December 1993.

In March 1994, the Parole Commission issued a violator warrant for petitioner due to his February 13, 1994, arrest on state charges of second degree reckless injury while armed, second degree recklessly endangering safety while armed, and possession of a firearm by a felon. These charges stemmed from an incident in which petitioner allegedly fired a handgun during a domestic argument between his brother and sister-in-law. At least one bullet struck petitioner's niece, age two, causing serious wounds.

Petitioner was arrested pursuant to the violator warrant on April 1, 1994. The Parole Commission later added a charge of unauthorized use of dangerous drugs. A preliminary interview was conducted on May 4, 1994, to determine whether probable cause existed for the alleged violations, and a parole revocation hearing was held on July 6, 1994. At the revocation hearing, the hearing examiner received testimony from petitioner's brother that petitioner fired several shots into the air during an argument and that he fled after it was discovered that his niece had been struck by a bullet. The hearing examiner continued the matter to consider the testimony of other witnesses.

At the reconvened hearing on August 31, 1994, petitioner's brother reiterated his testimony under oath, and his sister-in-law gave testimony which supported these statements. Other testimony was admitted by affidavit which exonerated petitioner.

On September 7, 1994, the Commission revoked petitioner's parole, granted credit for the time spent on parole, and continued petitioner in confinement to the expiration of his sentence, less good time. Petitioner unsuccessfully appealed this decision to the National Appeals Board.

In January 1995, petitioner's counsel sought either reinstatement of parole or a rehearing due to petitioner's acquittal in state court. During March and April 1995, the Parole Commission obtained police reports related to the shooting incident, laboratory reports showing that no gunpowder residue was found on the hands of petitioner's brother and sister-in-law, and transcripts from petitioner's state trial. The Commission reopened petitioner's case to conduct a special reconsideration/local revocation hearing. Shortly before the hearing, the Commission issued a Notice of Action adding a charge of new criminal conduct by petitioner during transport by the United States Marshal's Service.

At the hearing on May 30, 1995, the examiner heard testimony from petitioner's cous-

in, who testified the petitioner was with her the night of the shooting. After reviewing the entire record, the examiner recommended no change in the earlier decision. This decision was upheld on appeal to the National Appeals Board, and this petition followed.

### Discussion

 The scope of habeas corpus review of decisions by the Parole Commission is narrow. The court reviews the record to determine whether the action is arbitrary and capricious or an abuse of discretion. *Kell v. United States Parole Commission,* 26 F.3d 1016, 1019 (10th Cir.1994). The court does not conduct a de novo review of the Commission's findings of fact; instead, "the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statements of reasons." *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir.1982). *Accord, Misasi v. United States Parole Commission,* 835 F.2d 754, 758 (10th Cir.1987).

■ Petitioner challenges the Commission's reliance on charges of which he was acquitted in state court. However, the revocation of parole may be based upon reasonable grounds, a considerably lower threshold than the standard of proof beyond a reasonable doubt applied in criminal proceedings. *See Morrissey v. Brewer,* 408 U.S. 471, 490, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). It is settled that the Constitution does not bar parole authorities from considering criminal acts in a number of circumstances where the parolee has not been convicted. *See Campbell v. United States Parole Commission,* 704 F.2d 106 (3d Cir.1983)(revocation may be based on alleged offenses for which parolee is never tried); *United States ex rel. Carrasquillo v. Thomas,* 677 F.2d 225 (2d Cir.1982)(Commission may consider charges where indictment was dismissed with prejudice); *Mack v. McCune,* 551 F.2d 251 (10th Cir.1977)(Commission may revoke where parolee was acquitted of criminal charges). Thus, petitioner's acquittal of state criminal charges does not require the Parole Commission to ignore the underlying conduct if it is supported by reasonable grounds.

A review of the record supplies an ample basis for the decision. First, the hearing examiner heard testimony from petitioner's brother and sister-in-law which placed petitioner at the scene and firing a number of random shots. Petitioner's brother made statements to this effect immediately after the shooting at the hospital where his daughter received treatment. Both petitioner's brother and sister-in-law tested negative for gunpowder residue. While it is true that other family members provided testimony in support of petitioner's alibi, their statements were somewhat inconsistent. Viewing the record as a whole, the court concludes the Commission's decision is well-supported by the record and that petitioner is entitled to no relief.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

**IT IS SO ORDERED.**